Amos DIXON, Lee Manning, Lucy Potenzo, Merrial Childs, and M. E. Carpenter, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Arthur QUERN, Director of Illinois Department of Public Aid, Verne Evans, Joseph Califano, Secretary of Department of Health, Education & Welfare, Defendants.

No. 77 C 1125.

United States District Court, N. D. Illinois, E. D.

Oct. 7, 1977.

**618**

Thomas Grippando, Downers Grove, Ill., Frederick J. Daley, Jr., County Legal Assistance Foundation, Harvey, Ill., for plaintiffs.

Thomas C. O'Laughlin, William A. Wenzel, III, Welfare Litigation Division, Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This cause comes before the court on plaintiffs' motion to certify a class pursuant to Rule 23, Fed.R.Civ.P. Count I of the complaint, the only count relevant to this motion, seeks declaratory and injunctive relief from a pattern and practice allegedly adopted by the Illinois Department of Public Aid (hereinafter "IDPA"). It is alleged that IDPA has been terminating financial assistance under the Aged, Blind and Disabled program (hereinafter "AABD"[1]) and medical benefits (hereinafter "Medicaid")[2] without a prior or subsequent hearing solely because the Social Security Administration has found the recipient ineligible for assistance under the Supplemental Security Income program of Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (hereinafter "SSI"). The complaint alleges that this pattern and practice violates the due process clause of the Fourteenth Amendment to the United States Constitution, the Social Security Act, 42 U.S.C. §§ 301, *et seq.*, and regulations promulgated thereunder, and the Illinois Public Aid Code, Ill.Rev.Stat., ch. 23, §§ 1–1, *et seq.* Jurisdiction of this court is invoked under 28 U.S.C. § 1343(3) and (4).

The named plaintiffs are five individuals whose financial assistance under AABD and Medicaid has been terminated, or to whom such assistance has been denied altogether, without a hearing, following a determination by the Social Security Administration that they were not disabled and hence were ineligible for SSI. All of the plaintiffs are receiving some limited financial assistance under Article VI of the Illinois Public Aid

---

1. Article III of the Illinois Public Aid Code, Ill.Rev.Stat., ch. 23, §§ 3–1, *et seq.*

2. Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, *et seq.*, and Article V of the Illinois Public Aid Code, Ill.Rev.Stat., ch. 23, §§ 5–1, *et seq.*

Code, Ill.Rev.Stat., ch. 23, §§ 6–1, *et seq.* Defendants are the director and general counsel of the IDPA. The proposed class is defined as "all disabled persons whose assistance under AABD and Medicaid has been denied or terminated by the IDPA solely because of an initial determination by the Social Security Administration that the applicant or recipient is not disabled, without a prior or subsequent hearing."

Plaintiffs contend that the requirements of Rule 23(a), (b)(1)(A), and (b)(2) are satisfied in this case. Defendants argue that plaintiffs have merely recited the requirements of the rule without demonstrating that this action in fact meets those requirements. Defendants state that such a recitation is insufficient to meet plaintiffs' burden of establishing that their lawsuit meets the prerequisites of Rule 23. *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976). Moreover, defendants argue that class adjudication of this dispute is unnecessary because declaratory and injunctive relief, should plaintiffs prevail on the merits, would redound to the benefit of all persons whom plaintiffs seek to represent.

■ The court approaches the question of certification mindful of the requirement of Rule 23(c)(1) that

[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.

While certification in some cases need not be made until the moment the merits of the controversy are decided, recent decisions in this circuit and elsewhere have expressed a strong preference for early certification as required by the explicit language of the rule. *See, e. g. Larinoff v. United States,* 175 U.S.App.D.C. 32, 533 F.2d 1167, 1182–83, *pet. for cert. granted,* 429 U.S. 997, 97 S.Ct. 522, 50 L.Ed.2d 607 (1977); *Jimenez v. Weinberger,* 523 F.2d 689 (7th Cir. 1975), *cert. denied,* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976). It has been suggested that the rationale of these cases, if carried to its logical extreme, would require certification to precede even disposition of motions under Rule 12 such as are pending in the instant case. *Comment, Developments in the Law of Class Actions,* 89 Harv.L.Rev. 1318, 1421 (1976).

I. Requirements for Maintenance of Class Action

In order for a class action to be a proper mechanism for adjudication of a controversy, the following prerequisites of Rule 23(a) must be met:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, one of the provisions of Rule 23(b) must be satisfied. Plaintiffs argue that certification is appropriate under either Rule 23(b)(1)(A) which provides for class adjudication where

the prosecution of separate actions by or against individual members of the class would create a risk of . . . inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class,

or Rule 23(b)(2) which provides for class adjudication where

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

After examination of the complaint, briefs, and answers to interrogatories, it is the opinion of this court that the class proposed under Count I of the complaint meets the requirements of Rule 23(a) and (b)(2).

II. Rule 23(a)

■ 1. Numerosity: Clearly the proposed class is so numerous that joinder of all its members is impracticable. The answers of defendants Quern and Evans to plaintiffs' interrogatories indicate that in

1976 alone, there were more than 1,000 applicants who were denied medical and financial assistance by IDPA after the Social Security Administration made an initial determination that they were not disabled.

2. Commonality: The proposed plaintiff class shares among its members a common question of law: whether the alleged pattern and practice of the IDPA of terminating financial assistance and medical benefits under AABD and Medicaid without a hearing following an initial determination by the Social Security Administration that the recipients are ineligible for assistance is unconstitutional or otherwise not in conformity with applicable federal and state statutes.

3. Typicality: The claims of every applicant for or recipient of AABD and Medicaid, whose application for assistance is denied, or whose receipt of assistance is terminated, by the IDPA without a hearing following an initial determination by the Social Security Administration that he is ineligible for assistance under SSI are similar to those of the named plaintiffs with regard to the constitutionality and conformity with relevant statutes of the alleged pattern and practice.

4. Adequacy of Representation: There is no question that the named plaintiffs possess the interest necessary to be effective class representatives. Neither is there any serious suggestion that the interests of the class will not be diligently promoted by their representation. The representative parties appear fully capable of adequately representing the class.

III. Rule 23(b)

■ The class allegations of the complaint undercut plaintiffs' argument that this action may appropriately be certified under either subsection (b)(1)(A) or (b)(2) of Rule 23. Plaintiffs allege that "the party opposing the class has acted on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole." Although it is true that, to some extent, the types of class actions under Rule

23(b) overlap and are not mutually exclusive, *see* 3B J. Moore's Federal Practice ¶ 23.31 (1977), certification under Rule 23(b)(2) is most appropriate where, as here, injunctive and corresponding declaratory relief is sought. Id. at ¶ 23.40. Moreover, "the Rule 23(b)(2) class is particularly appropriate for the assertion of class-based civil rights." *Hopson v. Schilling*, 418 F.Supp. 1223, 1237 (N.D.Ind.1976); *Advisory Committee's Note* to Rule 23(b), 39 F.R.D. to Rule 23(b), 39 F.R.D. 98, 102 (1966). In this case, defendants allegedly have denied or terminated AABD and Medicaid benefits to class members without a hearing solely because of the Social Security Administration determination that those individuals are not disabled. The relief sought is declaratory and injunctive; there is no prayer for money damages. Rule 23(b)(2) certification is appropriate.

■ Defendants argue that class certification is unnecessary because, should plaintiffs prevail on the merits, the entire proposed class would benefit anyway. Although defendants' argument has a logical appeal, the court is constrained to reject it. In this circuit, it is clear that a court may not decline to certify a class simply because there is no "need" for it, if the prerequisites and conditions of Rule 23 have been met. *Vickers v. Trainor*, 546 F.2d 739, 747 (7th Cir. 1976); *Fujishima v. Board of Education*, 460 F.2d 1355, 1360 (7th Cir. 1972); *contra*, 3B J. Moore's Federal Practice ¶ 23.-40, n.3 (1976–77 Supp.) and cases cited therein.

Accordingly, plaintiffs' motion for class action certification of Count I of the complaint is granted. Count I of the complaint shall proceed as a class action; the class shall consist of all disabled persons whose assistance under AABD and Medicaid has been denied or terminated by the IDPA solely because of an initial determination by the Social Security Administration that the applicant or recipient is not disabled, without a prior or subsequent hearing.

So ordered.