Amos DIXON, et al., Plaintiffs,

v.

Arthur QUERN, Director of Illinois Department of Public Aid, et al., Defendants.

No. 77 C 1125.

United States District Court, N. D. Illinois, E. D.

April 27, 1982.

Frederick J. Daley, Chicago, Ill., for plaintiffs.

Mary Anne Mason, Asst. U. S. Atty., Chicago, Ill., for federal defendant.

Patrice P. Suberlak, Sp. Asst. Atty. Gen., Chicago, Ill., for state defendant.

BUA, District Judge.

The facts of this case are described in another order filed concurrently with the present order. 537 F.Supp. 983. Presently before the court is plaintiffs' motion to certify a class for Count II of plaintiffs' complaint.

Count II of the complaint attacks, on statutory and constitutional grounds, the Social Security Administration's (SSA's) 1) failure to notify rejected applicants for Supplemental Security Income (SSI) of the basis for determination of non-disability and 2) failure to provide applicants found non-disabled with a hearing and decision within six months of a timely request for such a hearing by the applicant. Plaintiffs seek a declaratory judgment that such practices violate the fifth amendment to the United States Constitution and 42 U.S.C. § 1383(c)(1). Plaintiffs also seek injunctive relief.

Plaintiffs request this court to certify Count II as a class action pursuant to Fed. R.Civ.P. 23. This court finds that the plaintiffs meet the requirements of Rule 23 and certifies the following class:

> All disability applicants for SSI who have applied for benefits in the State of Illinois and who have been found not to be disabled without being provided with written notice stating the basis for the finding and who have not been provided with a hearing and a resulting decision within six months of a timely request for such a hearing.

Defendant offers various objections to class certification of Count II of plaintiffs' complaint. Defendant contends 1) that 42 U.S.C. § 405(h) requires that actions to review procedures employed in administering social security benefits must be brought exclusively under 42 U.S.C. § 405(g), 2) that suits brought pursuant to 42 U.S.C. § 405(g) may not be properly maintained as class actions, and 3) that even if class certification is proper, § 405(g) imposes certain limits upon the class.

■ Defendant's position ignores the fact that § 405(g) is not the only basis for this court's jurisdiction over the present action. An "impressive array" of courts have found that jurisdiction to review procedures employed in administering social security benefits will lie under 28 U.S.C. § 1361.[1] *Ellis v. Blum*, 643 F.2d 68, 78 (2d Cir. 1981). This court concurs.

Section 405(h) of the Social Security Act states:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

On the basis of the language in § 405(h), defendant argues that general jurisdictional statutes other than § 1331 or § 1346 are similarly inapplicable to review actions challenging procedures of the SSA. However, as the Second Circuit aptly pointed out in *Ellis, supra*, § 405(h) should not be construed to exclude mandamus jurisdiction under § 1361. This court agrees with the reasoning of the Second Circuit which is summarized below.

---

1. Plaintiffs' complaint states that jurisdiction is invoked under 28 U.S.C. § 1367. No such statute exists. This court assumes, therefore, that plaintiffs intended to assert jurisdiction under 28 U.S.C. § 1361, and that the error was a typographical one.

Section 405(h) as originally enacted stated in pertinent part:

No action against the United States, the Board, or any officer or employee thereof shall be brought under section 24 of the Judicial Code of the United States to recover on any claim arising under this title.

Social Security Act Amendments of 1939, Pub.L.No. 379, Title II, § 205(h), 53 Stat. 1371. Section 24 of the Judicial Code was later reclassified as § 41 of Title 28 which contains all the general grants of jurisdiction to the district court. Long before § 405(h) was enacted in 1939, however, the District Court for the District of Columbia had uncodified jurisdiction to issue writs of mandamus. This jurisdiction was derived from an Act of February 27, 1801, 2 Stat. 103. As the court in *Ellis* reasoned,

It would seem plausible to conclude from this that when Congress enacted § 405(h) in 1949, it did not bar the District of Columbia courts from issuing writs of mandamus against the Secretary's predecessor, and that when the power to issue such writs was decentralized in 1962, it did not then suddenly become subject to § 405(h)'s stricture.

*Ellis, supra* at 81. This court fully concurs with this analysis.

The *Ellis* court also closely examined the recent legislative history of § 1331 which indicated that Congress did not disapprove of the use of § 1361 jurisdiction to review federal administrative actions. In 1976 Congress abolished the $10,000 amount in controversy requirement that had previously existed for jurisdiction under § 1331. The legislative history of this 1976 amendment indicated that Congress was aware that in order to avoid § 1331's $10,000 requirement, many plaintiffs had characterized their actions in the form of a request for mandamus under § 1361. This history indicated that Congress intended to expand § 1331 jurisdiction to supplement the juris-

diction already available under § 1361. However, as the *Ellis* court noted, nothing in the legislative history indicated that Congress disapproved of the pre-1976 cases employing mandamus jurisdiction to review federal administrative action. *Id.* at 80–81. It is reasonable to assume that the latter practice was expected to continue.

This court therefore finds jurisdiction is proper under § 1361[2] and defendant's contentions about the requirements of § 405(g) are thus defeated. Additionally, this court notes that the requirements for mandamus jurisdiction have been met by plaintiffs. Under § 1361, district courts possess subject matter jurisdiction to mandamus federal agents when a clear, plainly defined and peremptory duty on the federal defendant is shown. *Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir. 1978).

Plaintiffs have alleged that the fifth amendment to the United States Constitution, 42 U.S.C. § 1383(c)(1), and regulations promulgated thereunder compel the SSA to follow certain procedures. Although the statute or Constitution must be construed by the court in order to determine what duties are created, mandamus jurisdiction is nonetheless proper. *Knuckles v. Weinberger*, 511 F.2d 1221 (9th Cir. 1975).

■ In addition to its jurisdictional challenges, defendant contends that the named plaintiffs cannot adequately represent a class because plaintiffs have been found eligible for benefits or their claims are currently under consideration by the SSA. However, as many courts have observed, declaring such claims moot as defendant suggests, would effectively preclude any judicial relief. *E.g. Blankenship v. Secretary of HEW*, 587 F.2d 329 (1978). That, this court declines to do.

In *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the Supreme Court found that a class action does not

---

2. Since this court finds that jurisdiction is appropriately invoked under § 1361, it is unnecessary to decide whether procedures of the SSA may be reviewed under other bases of jurisdiction invoked by plaintiff. This court

notes, however, that invocation of jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* is improper. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

become moot because the controversy may have been resolved as to the named plaintiffs. The court acknowledged that the circumstances of the particular case may determine whether class certification relates back to the time the original complaint was filed. Declaring this controversy moot would mean that the procedures at issue would constantly evade review. The SSA could avoid judicial scrutiny by granting hearings to the named plaintiffs and informing plaintiffs of the basis for SSA's determination of non-disability. However, long delays and lack of information about the basis for findings of non-disability might still continue. These critical issues are issues that are alive for members of the class. Under such circumstances, this case is not moot.

The defendant also contends that the proposed class fails to meet the requirement of commonality imposed by Rule 23(a)(2) since varying factors might affect the amount of delay in a particular case. However, individual actions are not necessary where plaintiffs seek relief from administrative delays. *Wright v. Califano*, 587 F.2d 345 (7th Cir. 1979); *White v. Mathews*, 559 F.2d 852 (2d Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). Such an issue is sufficiently common to meet the requirement of Rule 23(a)(2). *Wright v. Califano* at 350; *White v. Mathews* at 858.

Additionally, the defendant's claim that the interests of the individual plaintiffs are antagonistic to the class is also without merit. All class members would benefit from the relief sought and an individual who, for some reason might wish a greater delay, would be free to allow SSA time beyond a court imposed maximum to consider a claim.

The remaining demands of Rule 23 are clearly met. The numerosity requirement of the rule is satisfied. F.R.Civ.P. 23(a); defendant admits that over 1,000 applicants were denied medical and financial assistance by IDPA after the SSA made an initial determination that they were not disabled. Moreover, there is no question that the plaintiffs and their representatives will diligently promote the interests of the class. F.R.Civ.P. 23(a)(4). *See Dixon v. Quern*, 76 F.R.D. 617 (N.D.Ill.1977). Finally, sufficiently common questions of law and fact are present so as to satisfy the requirement of Rule 23(b)(2).

IT IS SO ORDERED.