**Amos DIXON, et al., Plaintiffs,**

v.

**Jeffrey C. MILLER, etc., et al., Defendants.**

**No. 77 C 1125.**

United States District Court,
N.D. Illinois, E.D.

June 28, 1984.

See also, D.C., 76 F.R.D. 617, D.C., 537 F.Supp. 983.

## AMENDED ORDER OF DISMISSAL

BUA, District Judge.

This cause coming to be heard on Plaintiffs' Motion for Voluntary Dismissal pursuant to Federal Rules of Civil Procedure Rule 41(a)(2), the court finds that:

1. Pending before this Court are: (a) Plaintiffs' Motion to Reconsider the Order of April 27, 1982; (b) Plaintiffs' Motion to Stay Proceedings; (c) Plaintiffs' Motion to Submit Additional Documentation; (d) Defendants' Motion to Certify the Orders of February 11, 1980 and April 27, 1982 under F.R.C.P. Rule 54(b); (e) Defendants' Motion to Clarify the Count I Class Definition; and (f) Defendants' Motion to Set a Ruling Date on these Motions. The court has not ruled on any of these motions.

2. Proceedings in the Illinois court system, including (a) *Watterson v. Miller,* 117 Ill.App.3d 1054, 73 Ill.Dec. 513, 454 N.E.2d 373 (4th Dist.1983), a statewide class action, and (b) several individual cases decided by the Third and Fifth Appellate Districts (*see* Plaintiffs' Motion to Stay Proceedings, January 20, 1983, at 2), may resolve all of plaintiffs' claims on Count I of the Amended Complaint.

3. The court has certified a Count I class consisting of

all disabled persons whose assistance under (SSP) and Medicaid has been denied or (whose interim assistance has been) terminated by the IDPA solely because of an initial determination by the SSA that the applicant or recipient is not disabled, without a prior or subsequent hearing.

4. The court has certified a Count II class consisting of

all disability applicants for SSI who have applied for benefits in the State of Illinois and who have been found not to be disabled without being provided with written notice stating the basis for the finding and who have not been provided with a hearing and a resulting decision within six months of a timely request for such a hearing. 537 F.Supp. 990 at 991.

5. The court has assessed the fairness of the proposed dismissal and determined that it constitutes a reasonable termination of the litigation. The Court had previously ordered that a notice of the proposed dismissal be sent to the classes and that a hearing on the fairness, adequacy and reasonableness of the dismissal be held.

6. The fairness hearing having been held and this court having considered the fairness, adequacy and reasonableness of the proposed dismissal of the issues involved in this case, and this Court being of the opinion that the order represents a fair, adequate and reasonable resolution of this litigation, and that the public interest will be served by entry of this Order and that it should be approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, it is ORDERED, ADJUDGED and DECREED:

1. The prior orders in this case entered on February 11, 1980 and April 27, 1982, are vacated; and

2. This case is dismissed without prejudice, and without costs, pursuant to Federal Rules of Civil Procedure Rule 41(a)(2).