**Tyrone BROOKS, et. al., Plaintiffs**

v.

**STATE BOARD OF ELECTIONS, et. al., Defendants.**

**No. CV 288–146.**

United States District Court, S.D. Georgia, Brunswick Division.

June 6, 1997.

Laughlin McDonald, Kathleen L. Wilde, Neil Bradley, Altanta, GA, J. Gerald Hebert, Dept. of Justice, Civil Rights Div., Washington, DC, for Plaintiffs.

---

Stanley Curtis House, Charles Leslie Wilkinson, III, Augusta, GA, for Intervenors–Plaintiffs.

William Jacob Cobb, David Frank Walbert, Walbert & Mathis, Atlanta, GA, Carol Atha Cosgrove, Atlanta, GA, for Defendants.

Edmund Booth, Augusta, GA, pro se.

Donna M.Murphy, Dept. of Justice, Civil Rights Division, Voting Section, Washington, DC, for U.S.

Thomas R. Burnside, Jr., Augusta, GA, pro se.

J. Taylor Phillips, Macon, GA, pro se.

Harold A. Johnson, Brunswick, GA, pro se.

A.C. Guhl, Social Circle, GA, pro se.

Walter C. McMillan, Jr., Sanderville, GA, pro se.

Harold D. McLendon, Dublin, GA, pro se.

Verna L. Smith, Dublin, GA, pro se.

Warren McLendon, Dublin, GA, pro se.

I.G. Dawson, Sr., Dublin, GA, pro se.

Harold Alexander, Atlanta, GA, for Emma L. Adams.

Diane Marie Morrell, Law offices of Diane M. Morrell, Savannah, GA, Randal A. Mangham, Atlanta, GA, for Georgia Alliance of African–American Attorneys.

Harold Alexander, Atlanta, GA, pro se.

### *ORDER*

EDENFIELD, District Judge.

## I. *INTRODUCTION*

Previously, the Court directed plaintiffs to either withdraw their F.R.Civ. P. 41(a)(2) motion to dismiss or accept the *"with* prejudice" condition that defendants had demanded. *See* 3/20/97 Order at 5, 9. The Court also denied plaintiffs' request to decertify the class, but requested additional briefing on whether F.R.Civ.P. 23 notice must be provided to the class prior to dismissal. *Id.* at 7–8.

## II. *ANALYSIS*

### A. Dismissal With Prejudice

While the plaintiffs have elected to accept "dismissal with prejudice," doc. # 270 at 1, they attempt to limit it solely to "the claims of the *named* plaintiffs." *Id.* (emphasis added). Thus, they continue to imply that they represent the class members so long as they are able to obtain a successful litigation result, but not when it is time to accept defeat. The Court has already ruled against them on this point. *See* 3/20/97 Order at 6–7. Accordingly, this case—which includes the claims of the entire class—shall be dismissed with prejudice pursuant to Rule 41(a)(2).

### B. Class Notice

Plaintiffs also insist that pre-dismissal notice should be provided to the class, and that defendants should pay for it. Doc. # 273 at 2–3. Not surprisingly, defendants disagree. Doc. # 272. However, the parties do concur, as do the commentators, that the Court has broad discretion on this issue. *See generally* 5 MOORE'S FED. PRAC 3d §§ 23.43[6][a]; 23.62 (1997).

As noted in the 3/20/97 Order, most class members are protected by Rule 41(a)*(1)*'s requirement that Rule 23(e)[1] be followed. *See* Rule 41(a)(1) ("Subject to the provisions of Rule 23(e)...."); *Baker v. America's Mortgage Servicing, Inc.,* 58 F.3d 321, 324 (7th Cir.1995); *In re Phillips Petroleum Securities Litigation,* 109 F.R.D. 602, 605–607 (D.Del.1986) (where Rule 41(a)(1) dismissal is sought, F.R.Civ. P. 23(e) authorizes the court to attach conditions to dismissal to protect the rights of nonparty members of the class).

In contrast, Rule 41(a)*(2)* contains no such command. With little analysis, several courts nevertheless have applied Rule 23(e) to Rule 41(a)(2) dismissals. *See, e.g., Wimber v. Dept. of S.R.S.,* 156 F.R.D. 259, 262–63 (D.Kan.1994) (granting Rule 41(a)(2) dismissal, but concluding that no Rule 23(e) notice to class was necessary where absent class members would suffer no prejudice); *Catherwood v. Portland General Corp.,* 1992 WL 226930

---

**1.** Rule 23(e) states that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

at *2 (D.Ore.June 24,1992) (unpublished) (same); *Dixon v. Miller,* 599 F.Supp. 395, 396 (N.D.Ill.1984) (granting plaintiffs' Rule 41(a)(2) motion after providing notice to classes and holding a fairness hearing).

Rule 41(a)(2) dismissals raise concerns not found in the Rule 41(a)(1) context. Chief among them are res judicata and collateral estoppel. See *Barney v. Holzer Clinic, Ltd.,* 110 F.3d 1207, 1213 n. 10 (6th Cir.1997); *id.* at 1214 n. 11. Because the composition of a class does not always remain static by the time a final judgment is reached, *id.* at 1213–15, the res judicata benefit that defendants typically seek is sometimes undermined.

Here, however, the class has remained the same, comprising "all registered black voters residing in the various judicial circuits in the State of Georgia," certified under F.R.Civ.P. 23(b)(2). Doc. # 170. Nor does this case present the threat of collusion, one of Rule 23's central concerns. To the contrary, plaintiffs have rigorously and competently pursued this matter. Yet, after a string of adverse decisions, this case has become so drained of legal merit that to further advocate would only expose plaintiffs' counsel to F.R.Civ.P. 11 sanctions.

The absence of collusion is the core reason why Rule 23(e)'s notice requirement does not apply to class actions resulting in *in* voluntary dismissal. *See* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC.: CIVIL 2d § 1797 at 345 (1986) ("Inasmuch as an involuntary dismissal presumably could not involve collusion or benefit the representative plaintiffs at the expense of the remaining class members, the protection afforded by giving notice to the absentees is not required"); *Austin v. Penn. Dept. of Corrections,* 876 F.Supp. 1437, 1455 (E.D.Pa. 1995).

■ Given the present posture of this case, plaintiffs' Rule 41(a)(2) dismissal is not functionally different from an involuntary dismissal, especially since defendants could have obtained an involuntary dismissal had they so moved.[2] Plaintiffs recognized as much when they threw in the towel. So viewed, no Rule 23(e) notice is required in this case, assuming Rule 23(e) applies at all.

■ Nor is notice required under Rule 23(d)(2), which "is the only notice provision applicable to 23(b)(2) actions." *Penson v. Terminal Transport Co.,* 634 F.2d 989, 993 (5th Cir. Unit B 1981). Under such circumstances, notice is wholly discretionary, *id.,* and is often deemed satisfied by adequate representation. *Navarro–Ayala v. Hernandez–Colon,* 951 F.2d 1325, 1336–37 (1st Cir. 1991) ("where a cohesive class is certified under Rule 23(b)(2), notice may suffice if given to a suitable class representative"); *see also Easter v. Jeep Corp.,* 750 F.2d 520, 523–24 (6th Cir.1984); *Johnson v. GM Corp.,* 598 F.2d 432, 438 (5th Cir.1979) ("an absent class member is bound by the res judicata effect of a [Rule 23](b)(2) class action to the extent that the judgment concerns injunctive or declaratory relief, even when no notice was provided"). As the Court finds adequate representation in the instant matter, no notice is warranted.

## III. CONCLUSION

Accordingly, plaintiffs' case is *DISMISSED WITH PREJUDICE.* No Rule

---

2. Nonetheless, there are some material differences between the two forms of dismissal. In contrast to Rule 41(a)(2) motions, involuntary dismissal motions (e.g., those made under F.R.Civ.P. 41(b) or 56) are filed by the *defendant.* In evaluating such motions, the Court does not consider prejudice to the defendant, as it does with a Rule 41(a)(2) motion.

In addition, while defendants who obtain involuntary dismissals are sometimes granted F.R.Civ. P. 54(d)(2) attorney's fees, they are often unsuccessful in recovering them, see *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997), as well as Rule 54(d)(1) costs, *see, e.g., IAP, Inc. v. Mercedes–Benz of North America,* *Inc.,* 571 F.Supp. 262, 269 (D.N.J.1983); *but see Cantrell v. International Brotherhood of Elec. Workers,* 69 F.3d 456, 459 (10th Cir.1995) (en banc) (refusing to automatically deny Rule 54(d)(1) costs in Rule 41(a)(2), with-prejudice dismissal context), where the court dismisses the case with prejudice under Rule 41(a)(2).

At bottom, none of these distinctions demand a different result here, because defendants would have prevailed under F.R.Civ.P. 52 (following a bench trial) or Rule 56 (summary judgment). In either instance, the result is the same: judgment on the merits, involuntary dismissal of plaintiffs' case, and no hint of collusion.

23(d)(2) or 23(e) notice is required in this case. As to all issues raised or which should have been raised in the prior pleadings, this Order, along with the corresponding Clerk's entry of F.R.Civ.P. 58 Judgment, shall be binding upon all previously identified class members. *See* doc. # 170 ("all registered black voters residing in the various judicial circuits in the State of Georgia").