Federal Express Corporation, the defendant in an action pending in the Greene Circuit Court, has petitioned this Court for a writ of mandamus directing Judge Eddie Hardaway to grant its motion to vacate his order of August 16, 1996, conditionally certifying the plaintiffs' action as a class action. *Page 15 
Judge Hardaway conditionally certified the action as a class action on the same day the complaint was filed, without holding an evidentiary hearing or even receiving a responsive pleading from the defendant. In addition to asking this Court to order the conditional class certification vacated, Federal Express asks this Court to order Judge Hardaway to allow it 120 days to seek discovery from its customers, the potential member's of a nationwide class, before he holds an evidentiary hearing on the request for class certification.
This Court has recently rejected the practice of conditional certification of a class action based solely on the allegations of a complaint and without an evidentiary hearing. Ex parte First Natlonal Bank of Jasper, 717 So.2d 312 (Ala. 1997); Ex parte American Bankers Life Assurance Co. of Florida., 715 So.2d 186
(Ala. 1997); Ex parte Citicorp Acceptance Co., 715 So.2d 199 (Ala. 1997); Ex parte Equity National Life Ins. Co., 715 So.2d 192
(Ala. 1997); Ex parte Mercury Finance Corp. of Alabama,715 So.2d 196 (Ala. 1997); Ex parte Frontier Corp., 709 So.2d 1197 (Ala. 1998). Those opinions dictate that we grant Federal Express's petition for the writ of mandamus. Thus, we direct Judge Hardaway to vacate his order conditionally certifying the action as a class action and to allow Federal Express at least 120 days in which to undertake discovery on class-certification issues before he holds an evidentiary hearing on the request for class certification.
PETITION GRANTED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and SEE, JJ., concur.
COOK, J., concurs in the result.