**Nora GUNN a/k/a Nora Snell a/k/a Nora Grace individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**WORLD OMNI FINANCIAL CORP. f/k/a World Omni Leasing, Inc., et al., Defendant.**

Civ.A. No. 96–A–1507–S.

United States District Court,
M.D. Alabama,
Southern Division.

Feb. 9, 1999.

L. Andrew Hollis, Birmingham, AL, Rufus R. Smith, Jr., Dothan, AL, for plaintiff.

Lee Bains, Jr., Birmingham, AL, for defendant.

### *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *FACTS AND PROCEDURAL HISTORY*

This cause is before the court on a Motion to Dismiss Without Notice to the Class (Doc. # 27) filed on January 25, 1999.

In August of 1996, the Plaintiffs, Nora Gunn and Janice J. Waller, filed a Complaint in the Circuit Court of Houston County, Alabama, along with a Motion for Conditional

Class Certification. The Plaintiffs' claims are based on the theory that interest should have been earned on lease security deposits. The Motion for Class Certification was granted on an *ex parte* basis by the Circuit Court. The case was then removed.

Once the case was removed, the Defendants moved to dismiss one defendant and this court granted the motion. The Plaintiffs subsequently asked the court to sever the cases of Gunn and Waller. The court entered an order severing the two Plaintiffs' cases so that Gunn's case proceeded against World Omni and Waller's case proceeded against Chase Manhattan and Jim Skinner Automobile Company. Consequently, the parties presently before the court are Plaintiff Gunn and Defendant World Omni.

In September of 1997, the Plaintiff filed a Motion to Abate the Discovery Deadlines and to Stay Discovery because the parties agreed that the Alabama Supreme Court would be deciding a dispositive legal issue in *Yeager v. General Motors Acceptance Corporation.*

When the Alabama Supreme Court decided *Yeager,* the court determined that Article 9 does not apply to lease security deposits. *Yeager v. General Motors Acceptance Corp.,* 719 So.2d 210 (Ala.1998). The parties in this case agree that *Yeager v. General Motors Acceptance Corporation* is dispositive of the claims brought in this case.

In the Motion to Dismiss, the Defendant is requesting first, that the court vacate the *ex parte* class certification entered in this case by the Houston County Circuit Court; second, that the class allegations be dismissed without prejudice or be stricken; third, that the individual claims of Gunn be dismissed with prejudice; and fourth, that no notice of the dismissal be provided to the class. The Plaintiff has agreed to the dismissal, and also agrees that no notice is due to be given to the putative class members.

## II. *DISCUSSION*

It is clear that the legal basis of the Plaintiff's claims in this case has been removed by the Alabama Supreme Court in *Yeager v. General Motors Acceptance Corp.,* 719 So.2d 210 (Ala.1998). This court must decide, therefore, is whether the Motion to Dismiss, filed by the Defendant, but agreed to by the Plaintiff, can be granted without giving notice to the putative class members.

The first question is whether this case presents a situation in which a class has already been certified, or a case in which the dismissal would occur before a ruling on the propriety of class certification. The class was certified by the Houston County Circuit Court on an *ex parte* basis. That is, the class was certified solely on the basis of the allegations set forth in the Plaintiff's filings before the Defendant had an opportunity to respond. In fact, the parties represent that the class was certified before the Defendant had received the Motion for Class Certification or the Complaint containing class allegations.

The Supreme Court of Alabama has "rejected the practice of conditional certification of a class action based solely on the allegations of a complaint and without an evidentiary hearing." *Ex Parte Federal Express Corp.,* 718 So.2d 13, 14 (Ala.1998). The court has also stated that before a trial court can certify a class upon motion by the plaintiff, it must give notice to the defendant. *Ex Parte the Prudential Ins. Co. of America,* 721 So.2d 1135, 1136 (Ala.1998). The court has further held that a trial court must conduct a "rigorous analysis" to ensure that the requirements of Alabama Rule of Civil Procedure 23 are met. *Id.* Accordingly, the Supreme Court of Alabama has issued a writ of mandamus ordering the circuit courts to vacate conditional certifications made on an *ex parte* basis. *See Ex Parte Federal Express Corp.,* 718 So.2d at 15; *see also Ex Parte Frontier Corporation,* 709 So.2d 1197 (Ala.1998).

This court similarly entered an Order vacating a class certification which were made by a state circuit courts on an *ex parte* basis in a companion case to this one. *See* Order of April 23, 1997, *Walker v. World Omni Financial Corp.,* CV–A–1509–N (M.D.Ala. April 23, 1997). This court concludes that the "conditional certification" made by the state circuit court in this case before notice to and without opportunity to

respond to by the Defendant is due to be vacated.

Since this court has not entered an order certifying the putative class in this case, and since the conditional certification by the state circuit court is due to be vacated under the precedent of the Supreme Court of Alabama, the case before the court involves a Motion to Dismiss filed before a ruling on the propriety of the class action.

The Eleventh Circuit has not decided the question of whether the requirement in Federal Rule of Civil Procedure 23(e) that notice of dismissal be provided to class members applies to dismissals which occur before the class has been certified. *See Rice v. Ford Motor Co.,* 88 F.3d 914 (11th Cir.1996) ("the applicability of Rule 23(e) to proposed classes prior to their certification is an open question."). This court need not decide whether the requirements of Rule 23(e) should apply in this case or not, however, because the court finds that even assuming that Rule 23(e) applies, notice is not required in this case.

Courts have applied a functional approach in deciding whether notice is required when a case is dismissed prior to certification, and have determined that if there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal, and no evidence of any prejudice to absent class members, then notice to the class members is not required. *See e.g., Anderberg v. Masonite Corp.,* 176 F.R.D. 682 (N.D.Ga. 1997). The Ninth Circuit has explained that the purpose of the notice requirement is to (1) protect defendants by preventing plaintiffs from appending class allegations to the complaint to extract a more favorable settlement, (2) protect the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds to pay class claims, and (3) protect the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending action. *Diaz v. Trust Territory of the Pacific Islands,* 876 F.2d 1401 (9th Cir.1989).

In this case, the named Plaintiff is agreeing to a dismissal of her individual claims with prejudice, without entering into a settlement, so there is no evidence that the class claims were appended to receive a more favorable settlement or that there are objectionable trade-offs in terms of relief. *See Diaz,* 876 F.2d at 1409 (factors do not weigh in favor of notice where claims were dismissed rather than settled).

The parties also state that class members have not been prejudiced because the class claims are being dismissed without prejudice so that, even if class members could pursue claims despite the *Yeager* decision, their rights have not been affected. There is certainly no evidence that the named Plaintiff is compromising claims of the class in order to gain an advantage, since the dismissal is being sought based on an adverse ruling of the Supreme Court of Alabama in the *Yeager* case, which would be dispositive of the claims in this case. *See Brooks v. State Board of Elections,* 173 F.R.D. 552 (S.D.Ga.1997) (holding, in a case where a class was certified, that there was an absence of collusion since the dismissal based on a string of adverse decisions which had drained the case of legal merit made the dismissal the functional equivalent of an involuntary dismissal).

The parties have also stated that there has been no publicity attached to this case, so there is no evidence that putative class members would have relied on this case to protect their rights, subjecting them to a bar by statute of limitations should they seek to file an individual claim. The parties have represented to the court that they did a search by electronic database, including Lexis/Nexis, and found no mention of this case. Defendant's Brief in Support of Motion to Dismiss, page 14. Accordingly, the court agrees that there is no evidence to suggest that putative class members in this case gained knowledge of the case so as to cause them to rely on its pendency. *See Anderberg,* 176 F.R.D. at 690 (finding no evidence that unnamed class members have learned of the case based on plaintiffs' evidence that an extensive search of electronic news databases did not reveal any references to the case).

In light of the representations made to this court, and the precedent discussed, the court

concludes that there is no evidence of collusion or danger of prejudice to absent class members in granting the Motion to Dismiss Without Notice to the Class. Accordingly, the court finds that the Motion is due to be GRANTED.

### III. *CONCLUSION*

For the reasons discussed, the court concludes that the Defendant's Motion to Dismiss Without Notice to the Class is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

### *ORDER*

In accordance with the Memorandum Opinion entered on this date, it is hereby ORDERED as follows:

1. The Defendant's request to vacate the conditional class certification by the Circuit Court of Houston County, Alabama (Doc. # 27) is GRANTED.

2. The Defendant's Motion to Dismiss Without Notice to the Class (Doc. # 27) is GRANTED. The class allegations are DISMISSED without prejudice, and no notice will be provided to the putative class members. The claims of Nora Gunn are DISMISSED with prejudice.

2. Any other motions pending in this case are DENIED as moot.

Parties are to bear their own costs.