**April Marie SCHULTZEN, Individually and on Behalf of Others Similarly Situated, Plaintiffs,**

v.

**WOODBURY CENTRAL COMMUNITY SCHOOL DISTRICT, Defendant.**

No. C01–4089–MWB.

United States District Court, N.D. Iowa, Western Division.

Sept. 16, 2003.

**470**

Jay Elliott Denne, Stanley E. Munger, Munger, Reinschmidt & Denne, Sioux City, IA, for Plaintiffs.

Michael J. Frey, Hellige, Lundberg, Meis, Erickson & Frey, Sioux City, IA, for Defendant.

## ORDER REGARDING JOINT MOTION FOR DISMISSAL

BENNETT, Chief Judge.

### I. INTRODUCTION AND BACKGROUND

This matter is before the court on the parties' joint motion for dismissal (# 49). Plaintiff April Marie Schultzen ("Schultzen") originally filed this action against defendant Woodbury Central Community School Dis-

trict ("Woodbury Central") on behalf of herself and a class of similarly situated plaintiffs, but she never sought to certify the class. On March 28, 2003, Schultzen accepted Woodbury Central's offer of judgment (# 47), and judgment was entered on March 28, 2003(# 48). The parties seek the court's approval of their settlement and request that the court dismiss this case pursuant to Federal Rule of Civil Procedure 23(e).[1]

 Federal Rule of Civil Procedure 23(e) provides that:

> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

FED. R. CIV. P. 23(e). The court's paramount role on a Rule 23(e) motion is to protect the interests of absent plaintiffs before permitting dismissal. See *Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir.1975) ("Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members"). In the case before this court, the class has not been certified, but "[t]his requirement [to act as the guardian of the rights of class members] applies even if a class has not yet been certified." *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir.2001) (citing *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1407 (9th Cir.1989); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 625–28 (7th Cir.1986); *cf. Shelton v. Pargo*, 582 F.2d 1298, 1310 (4th Cir.1978) (although court approval under Rule 23(e) is not required when a class has not been certified, the court must use its Rule 23(d) supervisory powers to protect the interests of the potential class members)). "A representative plaintiff in a class action cannot simply agree to a settlement that might be advantageous for him personally but not for the other plaintiffs. The court has the responsibility of ensuring that all of the plaintiffs in the class are treated fairly."

---

1. By implication the parties are requesting dismissal of Schultzen's class action allegation as well as Schultzen's individual claims.

*Bryant v. Bonded Accounts Servs.,* 2000 WL 33955881, at \*2 (D.Minn. Aug.2, 2000). Therefore, the parties' joint motion for dismissal of this action, which was brought as a class action, requires court approval even though a class was not certified prior to the parties' request for dismissal. *See Wallican v. Waterloo Cmty. Sch. Dist.,* 80 F.R.D. 492 (N.D.Iowa 1978) (stating that the supervisory responsibilities and powers stated in Federal Rule of Civil Procedure 23 are applicable to the stipulation of dismissal filed by the parties at the pre-certification stage of litigation).

The Court of Appeals for the Eighth Circuit has explained:

> Although Rule 23(e) provides generally for notice to members of a class, notice is not necessarily required if a class has not been certified. *See Diaz,* 876 F.2d at 1409; *Wallican v. Waterloo Community School Dist.,* 80 F.R.D. 492, 493 (N.D.Iowa 1978). Nevertheless, in deciding whether to allow dismissal or issue notice, the district court must consider, among other things, the possibility that potential members of the class would be prejudiced. *Id.* at 1409–10. Dismissal might prejudice potential members whose claims have expired under a statute of limitations. *See Diaz,* 876 F.2d at 1410–11; *Wallican,* 80 F.R.D. at 494. Dismissal without notice might also prejudice potential members who have been relying on the named plaintiff to protect their interests, by leaving them to fend for themselves without knowledge that they should do so. *See Glidden,* 808 F.2d at 627–28.

*Crawford,* 267 F.3d at 764–65.

■ Further, this court agrees that requiring Rule 23(e) approval, to an action brought as a class action, though never certified, ensures that the rule's basic aims are furthered: (1) protection of the interests of the putative class members by the court; and (2) prevention of abuse characterized by collusion between the active parties, including their counsel. *Id.* at 764 ("Rule 23(e), in turn, prevents the dismissal or compromise of a class action without approval of the district court, and directs the court to protect the interests of absent plaintiffs before permitting dismissal."); *Shelton v. Pargo, Inc.,* 582 F.2d 1298 (4th Cir.1978) (primary purpose of Rule 23(e) is to "insure that an absentee class member, against whom an order of dismissal with prejudice would be res judicata, should be afforded an opportunity to be heard before any such order was entered"). Thus, a district court "must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz,* 876 F.2d at 1408.

The parties' joint motion for dismissal, in this case, did not address the factors that would enable the court to make a determination under Rule 23. On May 2, 2003, the court ordered the parties to submit to the court on or before May 23, 2003, legal briefs addressing the following issues: (1) the circumstances leading to the decision to voluntarily dismiss the class action; (2) any settlement or concession of class interests made by the class representative(s) or counsel; (3) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (4) amount of time for class members to file other actions in view of applicable statute(s) of limitations; and (5) any other factors bearing on possible prejudice or loss of benefit to the absent class members created by the dismissal. *Gassie v. SMH, Ltd.,* 1997 WL 466905, at \*2 (E.D.La. Aug.1, 1997). The parties in this action have submitted their legal briefs. The court, therefore, will now take up the parties' joint motion to dismiss and consider each of the above factors.

## II. LEGAL ANALYSIS

### A. Circumstances Leading To Decision

■ The parties have indicated to the court that Schultzen has accepted an offer to confess judgment filed by Woodbury Central in this case. While preparing for trial it came to the attention of Schultzen that the actions taken against her were isolated and not representative of Woodbury Central's general treatment of females. Therefore, a class action pursuant to Rule 23 is not warranted here. In addition, after the lawsuit

was filed, no third parties contacted Schultzen's counsel to complain of discrimination in the athletic programs of the Woodbury Central School District, and no additional complaints of individual sex discrimination were received by Schultzen's counsel. Woodbury Central provided the affidavit of Tom Cooper, Superintendent of the Woodbury Central Community School District, in which he stated that he had no knowledge of any other student, male or female, who claims to have been discriminated against by the school district as a result of his or her gender. Consequently, Schultzen did not make an attempt to certify this case as a class action lawsuit within the meaning of Rule 23. The parties agree that they do not believe that there exists any current practice by Woodbury Central to discriminate against female students. The parties have jointly requested that this court enter an order granting the dismissal of this case.

The court concludes that the circumstances of this case support the dismissal of this action, originally filed as a class action, in its entirety, where there appears to be no other class members.

### B. Settlement Or Concessions Of Class Interests

The court must also consider whether any settlement or concession of class interests has been made by the class representative or counsel. Woodbury Central offered to confess judgment to Schultzen in her individual capacity and no offer was made to settle this action with Schultzen in a representative capacity. This settlement was not reached by excluding any proposed class member from negotiations. Further, no settlement or concession was made by Schultzen or her counsel on behalf of the potential class portion of this suit. Therefore, this factor weighs in favor of dismissal of this action.

2. Woodbury Central claims that there is a "rather interesting question for this court to discern" and that question is "whether the applicable statute of limitations that are tolled during the pendency of this action are renewed or resumed." The court directs Woodbury Central to the definition of tolled: "To suspend or stop temporarily." *Blacks Law Dictionary*, 1035 (6th Edition 1991). In other words, to toll means the period of time is temporarily stopped, or suspended, and then

### C. Class Members' Reliance On The Filing

The next factor the court must consider is class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances. Woodbury Central believes that this lawsuit was well known in the Moville area. In contrast, Schultzen states there was not significant publicity that would have alerted potential class members. The court is inclined to agree with Woodbury Central in that, in a community the size of Moville, the lawsuit was probably well known in the area. In addition, Woodbury Central states that apparently the settlement of this case was reported in the local Moville paper. Schultzen states that neither she nor her counsel received any communication from any potential class members in reliance on the filing of this action. The court concludes that it is unlikely that there are putative members of the class who are relying on this lawsuit for relief. Therefore, this factor also weighs in favor of dismissal of this action.

### D. Amount Of Time For Class Members To File Other Actions

■ Federal courts have held that the pendency of a class action tolls the applicable statute of limitations until the district court makes a class certification.[2] *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354–55, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (holding that the commencement of a class action suspends the applicable statute of limitations for all asserted members of the putative class "until class certification is denied."); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (unanimously holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been

continues after the tolling period ends. The court acknowledges that the term "renewed" seems to imply that a completely new period of time would be given but that is not the case. This court interprets the use of "renewed" and "resumed" as referring to a continuation of the time period that was temporarily suspended during the tolling period and not a granting of a completely new period of time.

parties had the suit been permitted to continue as a class action."); *see Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 331 (8th Cir.1993) (recognizing holding of *Crown Cork*), *cert. denied,* 510 U.S. 1093, 114 S.Ct. 926, 127 L.Ed.2d 218 (1994); *see also Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000) (noting that the statute of limitations is tolled for class members until it is determined that the case cannot proceed as a class action); *Armstrong v. Martin Marietta Corp.,* 138 F.3d 1374, 1394 (11th Cir.) ("We therefore conclude that the pendency of a class action tolls the applicable statute of limitations only until the district court makes a class certification decision. If class certification is denied in whole or in part, the statute of limitations begins to run again as to those putative class members who were excluded from the class."), *cert. denied,* 525 U.S. 1019, 119 S.Ct. 545, 142 L.Ed.2d 453 (1998). In this case, the state's two (2) year statute of limitations on Title IX suits applies. *See Gaona v. Town & Country,* 324 F.3d 1050 (8th Cir.2003) *citing Egerdahl v. Hibbing Cmty. College,* 72 F.3d 615, 617–18 (8th Cir.1995). When the tolling period ends, if there is any time remaining in the two year period of limitations, the putative members would have that remaining time to file a separate action. Therefore, this factor further supports the dismissal of this action.

### E. Other Factors

Schultzen states that she does not know of any other class members and that she does not believe there is any prejudice or loss of benefit to absent class members created by the dismissal of this action. Woodbury Central does not believe any purported absent class members would suffer any prejudice or loss of benefits created by accepting the dismissal in this case if these members are given an opportunity to file a separate cause of action or intervene in this case. The court finds there are no other factors which would bear on the possible prejudice or loss of benefit to the absent class members created by the dismissal of this action. Therefore, this factor also weighs in favor of the dismissal of this case.

### F. Notice

When confronted with the dismissal of a certified class action, Rule 23(e) requires not just court approval, but such notice of the settlement to members of the class as the court directs. FED. R. CIV. P. 23(e). However, in the context of a pre-certification, putative class action, courts have concluded that notice to putative class members of a pre-certification dismissal is not mandated by Rule 23(e). *Diaz,* 876 F.2d at 1407; *In re Nazi Era Cases Against German Defendants Litig.,* 198 F.R.D. 429, 441 (D.N.J.2000); *Gunn v. World Omni Fin. Corp.,* 184 F.R.D. 417, 419 (M.D.Ala.1999); *Anderberg v. Masonite Corp.,* 176 F.R.D. 682, 690 (N.D.Ga. 1997); *Gupta v. Penn Jersey Corp.,* 582 F.Supp. 1058, 1060 (E.D.Pa.1984); *Maddox & Starbuck, Ltd. v. British Airways,* 97 F.R.D. 395, 397 (S.D.N.Y.1983); *Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.,* 93 F.R.D. 497, 502–03 (E.D.Pa.1982); *Robinson v. First Nat. City Bank,* 482 F.Supp. 92, 100–01 (S.D.N.Y.1979); *Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61, 64–71 (S.D.Tex. 1977). Under this line of authorities, courts have applied a functional approach in deciding whether notice is required and concluded that "[i]f there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal and no evidence of any prejudice to absent class members, then courts have consistently found that notice to the absent class members is not required." *Anderberg,* 176 F.R.D. at 689; *accord Gunn,* 184 F.R.D. at 419 (noting that "if there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal, and no evidence of any prejudice to absent class members, then notice to the class members is not required.").

In *Diaz,* the Ninth Circuit Court of Appeals explained that the purpose of Rule 23(e)'s notice provision is three-fold: (1) to protect defendants by preventing plaintiffs from appending class allegations to the complaint to extract a more favorable settlement, (2) to protect the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds to pay class claims, and (3) to

protect the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending action. *Diaz*, 876 F.2d at 1409. Here, none of the purposes behind the notice provision are implicated by allowing dismissal of the present action without notice.

## III. CONCLUSION

Although, this case does involve a situation where the named representative has settled her individual case and now the parties seek dismissal of the action, the court has considered the five factors bearing on possible prejudice or loss of benefit to the absent class members created by the dismissal. The court finds that the absent class members will not be prejudiced if the court dismisses this action and there is no danger of the dismissal having any preclusive effect on absent class members since the dismissal of the class allegations will have occurred prior to any court certification inquiry. Moreover, the court notes that the class members will not be prejudiced because the class claims are to be dismissed without prejudice. Finally, as discussed above, the parties agree that there is no evidence that any putative class members are relying on this case to protect their rights. Thus, the court concludes that there is no evidence of collusion or danger of prejudice to absent class members in granting the parties' joint motion to dismiss without notice to the class.

Because the court concludes that all five factors discussed above weigh in favor of dismissal of the action, the parties' joint motion to dismiss is granted.

**IT IS SO ORDERED.**