Rebecca S. **ZEIGENFUSE** on behalf of herself and all others similarly situated,

v.

**APEX ASSET MANAGEMENT, L.L.C.**

No. Civ.A. 06–2789.

United States District Court, E.D. Pennsylvania.

Dec. 14, 2006.

James A. Francis, John Soumilas, Francis & Mailman, PC, David A. Searles, Donovan

Searles, LLC, Philadelphia, PA, for Rebecca S. Zeigenfuse.

Andrew M. Schwartz, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Apex Asset Management, L.L.C.

## MEMORANDUM

BARTLE, District Judge.

Plaintiff Rebecca S. Zeigenfuse has filed this putative class action on behalf of herself and all others similarly situated against defendant Apex Asset Management, L.L.C. She asserts that defendant has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff now moves to strike the offer of judgment which defendant has served upon her pursuant to Rule 68 of the Federal Rules of Civil Procedure.[1]

■ The maximum statutory damages for any one individual under the FDCPA is $1,000. 15 U.S.C. § 1692k(a)(2)(A). On October 16, 2006, before the filing of a motion for class certification, defendant made Ms. Zeigenfuse, the named plaintiff, an offer of judgment of $1,001 plus reasonable costs and attorney's fees. Generally, an offer of judgment providing plaintiff with the maximum allowable relief would moot plaintiff's claim if she were suing in her individual capacity. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.1991). She maintains, however, that such an offer is improper since she has filed a class action complaint.

Our Court of Appeals, in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir.2004), grappled with the tension between Rule 68 and Rule 23 governing class actions. In that case, plaintiff Richard Weiss filed a class action complaint under the FDCPA, the same statute as is involved here. The defendant served an offer of judgment for his full monetary damage plus costs and attorney's fees before he filed his motion for class certification. Plaintiff declined to accept the of-

fer, and over his objections, the district court dismissed the complaint as moot. Plaintiff then appealed. The Court of Appeals reversed.

At the outset, the Court of Appeals recognized the salutary purpose of Rule 68 in individual actions. As the Supreme Court has explained, the "plain purpose of Rule 68 is to encourage settlement and avoid litigation.... The Rule prompts both parties to a suit to evaluate the risks and costs of litigation and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Once a defendant allows a plaintiff to take a judgment against it for all the relief to which he or she may be entitled, there is nothing further to try, and the action becomes moot. At that point, there is no reason for the action to continue.

The *Weiss* court, however, concluded the situation to be quite different when a class action complaint has been filed. If an offer of judgment to a putative class representative were allowed to stand, it would be an easy way for a defendant to thwart a class action which may be the only viable means of obtaining relief for class members who individually may have claims too small to sue on their own. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). A defendant, by an offer of judgment, could pay an insignificant amount to the named plaintiff to avoid a potentially significant payout if the lawsuit proceeded as a class action. Considerable wrongdoing could thus go unremedied. In addition, even if those similarly situated to the named plaintiff were not stymied by the lack of a class action, they often would have no option other than to bring small individual actions. These would not be in the interest of judicial economy and could likely generate excessive costs and fees compared to a class

---

1. Rule 68 provides in relevant part:

   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the

   offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

action. For all these reasons, our Court of Appeals in *Weiss* held that Rule 68 cannot be employed to vitiate a putative class representative's claim. It explained:

> As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative. As in *Roper*,[2] allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedures and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA.

*Weiss*, 385 F.3d at 344.

The *Weiss* court made it clear that the defendant cannot circumvent Rule 23 by making a speedy offer of judgment either before class certification or before the filing of the motion for class certification.[3] *Weiss* observed that such a defense maneuver is contrary to the thrust of Rule 23(c)(1)(A) which provides: "When a person sues or is sued as a representative of a class, the court must—at an early practicable time—determine by order whether to certify the action as a class action." Rule 23 does not require the immediate filing of the motion. In this district, Local Civil Rule 23.1 allows a plaintiff 90 days after the filing of the complaint to file a motion for class certification "unless this period is extended on motion for good cause appearing." The validity of a Rule 68 offer should not be determined by who wins the race to the courthouse—the filer of the motion for class certification or the filer of a Rule 68 offer. Absent undue delay in the filing of a motion for class certification, the motion will be deemed to relate back to the date of the filing of the complaint. *Weiss*, 385 F.3d at 346–48. Here, there has been no undue delay. After an early status conference and in an effort to have the case proceed in an orderly fashion, the court directed the plaintiff to file her motion for class certification on January 16, 2007, after the conclusion of class action discovery.

Defendant argues that *Weiss* is inapplicable because it does not seek to moot Ms. Zeigenfuse's individual claim but simply to shift the risk of costs to her should she not be successful. Defendant is relying on that portion of Rule 68 which reads: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer." The offer of judgment, served by first class mail on October 16, 2006, stated that it shall be deemed withdrawn if not accepted within ten days. On October 20, four days after mailing, plaintiff filed its motion to strike. The ten day period has expired, the offer has not been accepted, and defendant has not attempted to have the action dismissed. The offer of judgment, however, also contained the following: "If this Offer of Judgment is not accepted by plaintiff and the judgment finally obtained by plaintiff is not more favorable than this Offer, the plaintiff must pay her costs incurred after making this Offer, as well as the costs of defendant as allowed by the law of the circuit." This portion of the offer remains in effect.

Few cases have dealt with this type of clash between Rule 68 and Rule 23 and among those that have confronted the issue, no consensus has emerged. In *Janikowski v. Lynch Ford, Inc.*, the United States District Court for the Northern District of Illinois granted the putative class representative's motion to strike defendant's Rule 68 offer of judgment. No. 98–8111, 1999 WL 608714, 1999 U.S. Dist. LEXIS 12258 (N.D.Ill. Aug. 5, 1999), *aff'd on other grounds*, 210 F.3d 765 (7th Cir.2000). Plaintiff's motion for class certification was pending when defendant made its offer of judgment. The district court reasoned that the inherent conflict between Rule 68 and Rule 23 placed plaintiff at odds with the putative class and would force plaintiff to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class. *Id.* at *2, 1999 U.S. Dist. LEXIS 12258 at *5. The court held that

---

**2.** *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir.1978); 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

**3.** Rule 23(e) provides that "The Court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class."

plaintiff, faced with such a conflict, was not at liberty to consider the offer of judgment, and plaintiff's motion to strike was granted.

In *McDowall v. Cogan*, the court acknowledged the problems a putative class representative faces when balancing fiduciary obligations to the putative class members with personal liability for litigation costs. No. 03–419, 216 F.R.D. 46 (E.D.N.Y.2003). The defendant made an offer of judgment before plaintiff filed a petition for class certification, and plaintiff moved to strike the offer. The plaintiff was particularly concerned that if the district court denied class certification she would bear the costs of the class certification motion. *Id.* at 47. The district court declined to grant the plaintiff's motion to strike defendant's Rule 68 motion at that time. The district court held that there was "nothing to strike" because an offer of judgment is not filed with the court until it is accepted or until it is presented by the winning party seeking to collect its costs. *Id.* at 52; *accord Bryant v. Bonded Accounts Services,* No. 00–1072, 2000 WL 33955881, 2000 U.S. Dist. LEXIS 22309 (D.Minn. Aug. 2, 2000).

The *Weiss* Court reversed the dismissal of the action and remanded for proceedings consistent with its opinion. It did not specifically order the offer of judgment to be stricken insofar as it attempted to impose costs on the plaintiff, if unsuccessful. Nevertheless, we think the general reasoning of *Weiss* provides guidance.[4] Here the defendant is attempting to apply Rule 68, which fits for individual actions, to undermine a putative class action. Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under *Weiss,* defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed. We agree with *Janikowski* that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device. Following *McDowall* would allow the defendant to achieve what *Weiss* seems to forbid. If class certification is ultimately denied, defendant, of course, will then be free to make an offer of judgment containing the cost shifting provision of Rule 68.

Accordingly, we will grant the motion of the named plaintiff Rebecca S. Zeigenfuse to strike the defendant's offer of judgment.

### ORDER

AND NOW, this 14th day of December, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff to strike offer of judgment is GRANTED.

---

**4.** The major treatises comment favorably on *Weiss.* 12 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 3001.1 (2d ed.2006); 13 James Wm. Moore et al., *Moore's Federal Practice* ¶ 68.03[3] (3d ed.2005). They also question the applicability of Rule 68 to class actions or putative class actions. *See also* 15 A. Conte & H. Newberg, *Newberg on Class Actions* § 15:36 (4th ed.2006). We acknowledge, however, that attempts to eliminate the application of Rule 68 to class actions through the rule making process have not been successful. *See Weiss*, 385 F.3d at 344 n. 12.