**Adam JOHNSON, on behalf of himself and all others similarly situated,**
Plaintiff,

v.

**U.S. BANK NATIONAL ASSOCIATION,**
Defendant.

**Civ. No. 10–4880 (MJD/JJK).**

United States District Court,
D. Minnesota.

June 29, 2011.

Thomas J. Lyons, Lyons Law Firm, P.A., Vadnais Heights, MN, for Plaintiff.

Andrew Peters, Brian L. Vander Pol, Kenneth Connelly, Vernle C. Durocher, Jr., Dorsey & Whitney LLP, Mpls, MN, for Defendant.

## ORDER AND MEMORANDUM

JEFFREY J. KEYES, United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Rule 68 Offer of Judgment. (Doc. No. 17.) Based on the parties' submissions, the file, and all the records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Strike Defendant's Rule 68 Offer of Judgment (Doc. No. 17), is **GRANTED;** and

2. The attached Memorandum is incorporated by reference.

## *MEMORANDUM*

This is a consumer class action arising under the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.,* and Regulation E, 12 C.F.R. § 205.1, *et seq.* ("EFTA"). The Class Complaint alleges that Defendant U.S. Bank National Association ("U.S.Bank") violated the provisions of the EFTA by illegally imposing a fee on consumers who used one of its ATMs because there was no notice posted on the machine about transaction fees required by 15 U.S.C. § 1693(d)(3) and 12 C.F.R. § 205.16(c). The EFTA provides for statutory damages in a class action of up to "the lesser of $500,000 or 1 per centum of the net worth of the defendant," plus attorney

fees and costs. 15 U.S.C. § 1693m(a)(2)(B). According to Plaintiff, "[i]n this case, based upon the defendant's stated net worth, the cap is $500,000." (Doc. No. 20, Pl.'s Mem. at 3.) The statutory damages for an individual plaintiff for a violation of the EFTA are "an amount not less than $100 nor greater than $1,000", plus attorney fees and costs. 15 U.S.C. § 1693m(a)(2)(A).

On April 13, 2011, Defendant served an "Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68," stating:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association hereby offers to allow judgment to be entered against it in this action in the amount of $1,050.00, plus such costs (including reasonable attorneys' fees) as determined by the Court. This offer of judgment is intended to resolve, finally and fully, all of Plaintiff's claims against Defendant in this action, and is not to be construed as either an admission that Defendant is liable in this action, or that Plaintiff has suffered any damages. If Plaintiff does not accept this offer, he may become obligated to pay Defendant's cost incurred after the making of this offer.

(Doc. No. 21, Decl. of Thomas J. Lyons ("Lyons Decl.") ¶ 2, Ex. 1.) By its terms, the offer was restricted to Plaintiff Adam Johnson's single claim for statutory damages and did not address the class-action claim. Plaintiff did not accept this offer of judgment within fourteen days of service, and the offer expired. Plaintiff now brings a motion to strike the offer of judgment.

The Court joins most recent decisions by other judges in this district striking Rule 68 offer of judgments tendered in consumer class actions before class certification has been decided. *See Lamberson v. Fin. Cr. Serv., LLC,* No. 11–98 (RHK/JJG), 2011 WL 1990450, at *4 (D.Minn. Apr. 13, 2011) (striking Defendant's Rule 68 offer of judgment), *Report and Recommendation Adopted,* 2011 WL 1990447 (D.Minn. May 23, 2011); *Schroeder v. First Nat'l Collection Bureau, Inc.,* No. 10–4238 (RHK/FLN) (D.Minn. May 12, 2011) (unpublished) (same); *see also Smith v. NCO Fin. Sys., Inc.,* 257 F.R.D. 429, 434 (E.D.Pa.2009) (same); *Stewart v. Cheek & Zeehandelar, LLP,* 252 F.R.D. 384, 387 (S.D.Ohio 2008) (same); *Wang v. Chinese Daily News, Inc.,* No. 04–1498, 2006 WL 1635423, *1 (C.D.Cal.2006) (same); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.,* 239 F.R.D. 400, 403 (E.D.Pa.2006) (same).

When a class-action complaint is filed, the named plaintiff, as the putative class representative, takes on a special role with duties not typically borne by the ordinary plaintiff who is merely pursuing his own claim. A class-action complaint seeks relief for an entire class of persons and, from the moment the class action is commenced, the named plaintiff operates in a representative capacity for the class. *See Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110–11 (5th Cir. 1978) ("[B]y the very act of filing a class action, the class representatives assume responsibilities to members of the class."). It is the time before the certification of the class when the work of the class representative on behalf of the class is often the most important, time-consuming, and risky, as it is during this time that the representative is trying to convince the court that the claim is worthy of class certification—an expensive proposition without a guarantee of success. And it is not only the representative plaintiff who has a special duty to the class. As a result of Rule 23, the district court is also "require[d] [to act as the guardian of the rights of class members] [ ] even if a class has not yet been certified." *Schultzen v. Woodbury Cent. Cmty. Sch. Dist.,* 217 F.R.D. 469, 470 (N.D.Iowa 2003) (quoting *Crawford v. F. Hoffman–La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir.2001)).

As a result of the special obligations inherent in the role of class representative, the plaintiff forgoes some ability to dispose of his individual claim that an ordinary litigant enjoys. The representative's duty to the putative class to vigorously pursue relief for the class makes a favorable settlement of his individual claim the source of a potential conflict of interest. A defendant faced with the risk of a multi-million dollar consumer class action with thousands of small claims collected in one suit has a strong incentive to pay off the representative plaintiff—and the plaintiff's attorney fees—and put an end to

the threat posed by class action at what in the grand scheme of things may be a pittance. And once a plaintiff has voluntarily taken the pay-off, a federal court will normally dismiss the action as moot because the case-or-controversy requirement is no longer met and the interests of the class will thus be abandoned. *Potter v. Norwest Mortg., Inc.,* 329 F.3d 608, 611 (8th Cir.2003) ("[A] federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class."). This has led courts to carefully scrutinize pre-certification settlements of the representative plaintiff's claim to make sure that there is no conflict with the interests of the putative class. For example, when the class action is commenced close to the expiration of the statute of limitations and voluntary dismissal would thus prejudice class members, particularly those who have not filed claims of their own in reliance upon the pendency of the suit, the court may use its authority under Rule 23 to provide absent class members with an opportunity to object to the dismissal or attempt to substitute a representative plaintiff by intervening in the action. *See Schultzen,* 217 F.R.D. at 471 (finding that "the parties' joint motion for dismissal of this action, which was brought as a class action, requires court approval even though a class was not certified prior to the parties' request for dismissal") (citing *Wallican v. Waterloo Cmty. Sch. Dist.,* 80 F.R.D. 492 (N.D.Iowa 1978) (stating that the supervisory responsibilities and powers stated in Federal Rule of Civil Procedure 23 are applicable to the stipulation of dismissal filed by the parties at the pre-certification stage of litigation)).

■ Concern about the impact on the class-action process is particularly strong in cases such as this, where Defendant tries to use a unilateral offer to pay off the representative Plaintiff's claim as a preemptive strike to thwart the class action. One variation of this tactic occurs when a defendant makes a pre-certification offer to take judgment for the full value of the representative's claim and, when a representative plaintiff rejects it,

argues that the settlement offer satisfied the plaintiff's entire claim for relief and eliminated the entire controversy, leaving nothing for the court to decide, mooting the action and removing jurisdiction. This tactic was criticized by the Eighth Circuit in *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525 (8th Cir.1996):

> Judgment should be entered against a putative class representative on a defendant's offer of payment *only* where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit.
>
> ... This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims. Acceptance of a tendered offer "need not be mandated," as then Justice Rehnquist explained, since the defendant has not offered all that has been requested in the complaint (i.e., relief for the class).

*Id.* at 1539 (emphasis added) (internal quotations and citations omitted). Courts have generally rejected this tactic and have not allowed the spurned offer to pay off the plaintiff's individual claim to be used as a basis to dismiss the class action as moot because this would "undercut close supervision of class action settlements, create conflicts of interests for named plaintiffs, and encourage premature class certificate motions." *Weiss v. Regal Collections,* 385 F.3d 337, 344 n. 12 (3d Cir.2004); *Jancik v. Cavalry Portfolio Servs., LLC,* No. 06–31–4, 2007 WL 1994026, at *2–3 (D.Minn. July 3, 2007) (Davis, J.) (stating that "the Eighth Circuit has reasoned that allowing class action defendants to 'pick off' plaintiffs with settlement offers prior to obtaining an affirmative ruling on class obviously would frustrate the objectives of class actions' and would invite waste of judicial resources") (internal quotations and citations omitted); *Harris v. Messerli & Kramer, P.A.,* No. 06–4961, 2008 WL 508923, at *2–3 (D.Minn. Jan. 2, 2008) (Schiltz, J.) (same).[1]

---

1. In *Jancik,* the court observed that there is a split in the courts regarding whether a class-

action case or controversy continues to exist in an FDCPA case when a defendant makes a Rule

In *Jancik*, the defendant argued that its rejected Rule 68 offer of judgment in the full amount of the class representative's FDCPA claim before class certification resulted in a loss of subject-matter jurisdiction to adjudicate the class action. The defendant contended that there was no longer a case or controversy in that the Rule 68 offer satisfied the representative plaintiff's entire claim for relief. In rejecting this argument, Judge Davis reasoned that:

> ... allowing defendants to avoid liability merely by winning the race to the courthouse and by proffering settlement offers that have the effect of denying all putative plaintiffs' claims even before scheduling orders are issued and plaintiffs have the applicable motion deadlines in front of them, would be bad policy and would effectively eviscerate the effectiveness of class actions in cases such as this one. It would also create an absurd situation in which plaintiffs' attorneys would need an endless supply of willing class representatives to file complaints identical to the class action complaints that would be dismissed as defendants buy off named representatives one by one.

*Jancik*, 2007 WL 1994026, at *4.

Here, Defendant does not seek to "moot" the class action by using a rejected Rule 68 offer of judgment to argue for dismissal based on the absence of a case or controversy requirement under Article III. It concedes that "[a]s a result of the decisions in cases such as *Harris* and *Jancik*, U.S. Bank's unaccepted offer of judgment does not moot Plaintiff's claim." (Doc. No. 26, Def.'s Mem. 8.) Instead, Defendant attempts to exert a different kind of pressure on the class representative before certification—it attempts to use the Rule 68 offer to pay off Plaintiff's individual claim for statutory damages in full to pressure Plaintiff into dropping the class action. As Defendant puts it, "... U.S. Bank's offer of judgment

requires Plaintiff (or more accurately, his attorney) to seriously consider the prospects for his class certification motion." (Doc. No. 26, Def.'s Mem. 9.) This pressure arises because Rule 68 provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the offer." Fed.R.Civ.P. 68. Thus, Plaintiff would run the risk that he would now have to start bearing Defendant's costs without the ability to shift his own attorney fees to Defendant, even if the Defendant is found to have violated the EFTA. *See O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir.1989) ("We hold that a plaintiff who refuses an offer of judgment under Rule 68 and later fails to receive a more favorable judgment must pay the defendant's post-offer costs.")

This, however, is not the sort of pressure that Rule 68 was intended to exert. When a Rule 68 offer of judgment is made, the offeree is supposed to weigh the offer against the strength of the claim made in the complaint, i.e., the plaintiff must ask whether he or she would do better proceeding to trial and attempting to get a judgment against the defendant than taking the Rule 68 offer. The claim in this class-action complaint is that the class should be paid, per the EFTA's provision for class damages, a total of 1% of Defendant's net worth or $500,000, whichever is less, plus attorney fees and costs. The purpose of Rule 68 might be served if Plaintiff had to weigh an offer from Defendant to settle the entire class claim against the chances of greater recovery for the class should the class action be certified and go to trial. But Plaintiff was not presented with that choice. Instead, Plaintiff was faced with the conflict between accepting the tendered amount of the judgment—a payment in full of his own individual claim for relief—or continuing to represent the interests of the class and trying to obtain relief for the entire class.

68 offer of judgment to a class representative prior to class certification. *Jancik*, 2007 WL 1994026, at *2. In an earlier decision in our district, *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D.Minn.2003) (Doty, J.), the court came down on the other side of the issue, concluding that a Rule 68 offer of the entire amount

of the representative plaintiff's FDCPA statutory claim did eliminate subject-matter jurisdiction. *Id.* at 562. *But see Roble v. Celestica*, 627 F.Supp.2d 1008, 1014 (D.Minn.2007) (Tunheim, J.) (holding that the pre-certification offer of judgment in a FLSA action did not render the action moot).

Had he voluntarily accepted the offer of judgment, the action would most likely have been dismissed for lack of case or controversy because the putative class interests would at that point be abandoned. But by rejecting the offer and continuing to represent the class, Plaintiff now runs the risk that, in the end, he would incur the cost-shifting liability imposed by Rule 68. In other words, he is compelled to "weigh [his] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Zeigenfuse*, 239 F.R.D. at 402. Indeed, the risk of cost-shifting is very high because it is virtually impossible for Plaintiff to do better at trial than the Rule 68 offer because Defendant structured the offer to cover almost everything that Plaintiff could obtain in the case for his own single claim. Therefore, Plaintiff is forced to choose whether he should take any risk of cost-shifting when, after the class is certified and the case is ultimately won, the most he can obtain out of the case for himself is the same as what Defendant already offered plus some relatively modest compensation for his time spent working as a class representative.

■ The purposes of Rules 68 and 23 are ill-served by this type of conflict. The purpose of Rule 68 is to "prompt [ ] both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial *on the merits*." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (emphasis added). Here, it is the merits of the class claim (i.e., the claim for the lesser of $500,000 or 1% of Defendant's net worth) that should be weighed, not the likelihood of success of a class-certification motion. "Rule 68 was not meant to test the strength of a plaintiff's motion for class certification." *Smith*, 257 F.R.D. at 434. And the Court is especially concerned about the use of the Rule 68 device to abort a class action involving an EFTA claim. Congress expressly provided for class damages in the EFTA, and mandated an award of attorney fees to enable the Act's enforcement by private attorney generals. Class actions are "fundamental to the statutory structure" of the EFTA because, without the class mechanism, the EFTA "claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss*, 385 F.3d at 345 (analyzing the FDCPA's identical class and attorney-fee provisions). Like other courts have concluded, this Court concludes that Defendant's Rule 68 offer of judgment must therefore be stricken "to prevent it from undermining the use of the class action device." *Zeigenfuse*, 239 F.R.D. at 403.

■ Defendant also argues that Plaintiff is seeking an advisory opinion about what the effect of the offer of judgment will be if the class is not certified and Plaintiff fails to recover a judgment more favorable than the amount offered by Defendant. The Court should not render any decision about the Rule 68 offer, argues Defendant, until the issue is ripe. But, the pre-certification offer of judgment has immediate adverse impact on Plaintiff. Each time Plaintiff pushes the litigation forward on behalf of the class, the cost-shifting risk to Plaintiff individually ratchets up, thus disincentivizing Plaintiff from acting in the best interest of the class. The putative class representative should not have to shoulder this ongoing conflict between his duties to vigorously pursue class certification and otherwise protect the interests of the class while running the risk that Defendant's costs will be shifted back to him. Thus, there is a current and meaningful legal dispute arising from the conflict of interests caused by the Rule 68 offer.[2] The matter is therefore ripe for adjudication.

---

**2.** Defendant suggests that Plaintiff will bear no risk of cost-shifting should the class be certified, because "U.S. Bank's offer of judgment would be ineffective since it was only made to the individual Plaintiff Adam Johnson." (Doc. No. 26, Def.'s Mem. 4.) However, it is not at all clear what effect, if any, a class certification has on the cost-shifting penalty imposed by Rule 68 on a plaintiff who has rejected a pre-certification offer to pay off his individual claim. Again, the uncertainty likely arises from the "tension" between Rule 68 and Rule 23. *See Weiss*, 385 F.3d at 344 n. 12 ("[P]olicy and practicality considerations make application of the offer of judgment rule to class and derivative actions questionable.") (citing Moore's Federal Practice § 68.03[3] (3d ed. 2004)).

█ Defendant also argues that the Rule 68 offer of judgment should not be stricken because the motion to strike "lacks any basis under the Federal Rules of Civil Procedure." (Doc. No. 26, Def.'s Mem. 3.) It points out that Rule 12(f) permits motions to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and this motion to strike does not fit within any of these categories. (*Id.*) But Rule 12(f) does not exclude motions to strike for other reasons; it simply provides a mechanism to deal with deficient pleadings. The Court concludes here that the Rule 68 offer of judgment was ineffective and thus the Court should act "to prevent it from undermining the use of the class action device." *Zeigenfuse*, 239 F.R.D. at 403. And the Court concludes that a motion to strike the offer of judgment is an appropriate procedural mechanism for the Court to exercise its authority and responsibility in this case to manage the class action in a manner consistent with the purposes of Rule 23. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (holding that a court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Gold's Gym Lic. LLC v. K–Pro Mktg. Grp., Inc.*, No. 09–1211, 2010 WL 391310, at *2 (D.Minn. Jan. 26, 2010) (noting the courts' inherent authority to manage their own affairs to achieve the orderly and expeditious disposition of cases in the context of default judgment).

█ Finally, Defendant argues that because Plaintiff has unduly delayed the class-certification motion, Defendant should now be entitled to put Plaintiff to the Rule 68 test. But the Court does not find undue delay. The action was commenced on December 14, 2010, a pretrial scheduling conference was held after Defendant answered, and the parties made their disclosures. Plaintiff initiated discovery to support the class-certification motion. The initial scheduling order set forth May 1, 2011 as the deadline for a class-certification motion. Defendant made its Rule 68 offer of judgment on April 13, 2011, before the class-certification motion

deadline. Plaintiff then moved to extend the deadline for filing the class-certification motion. On June 22, 2011, the Court held a hearing and granted Plaintiff's motion in part, extending the class-certification deadline to August 1, 2011. There is nothing in the record to show that Plaintiff is not operating in good faith in pursuit of the class interests or that he is delaying the class-certification motion for some improper purpose. And, "if a defendant believes that a putative class representative is waiting too long to move to certify the class, the defendant 'may move for an order determining that the action may not be maintained as a class suit.'" *Harris*, 2008 WL 508923, at *3 n. 2 (internal quotations and citations omitted). Moreover, as a matter of sound policy in the administration of class claims, it is, as Judge Schiltz stated in *Harris*, a "terrible idea" to rush a representative into making a class-certification motion just to beat the threat of a Rule 68 preemptive strike:

> It would create a 'race' between the parties, with the named plaintiff rushing to file a class-certification motion before the defendant makes a Rule 68 offer, and the defendant rushing to make a Rule 68 offer before the named plaintiff moves to certify the class. No one benefits when judges are forced to decide premature, half-baked class-certification motions.

*Id.* at *4.

Accordingly, for all of the above reasons, the Court grants Plaintiff's Motion to Strike Defendant's Rule 68 Offer of Judgment.