Charles D. COMBE, individually and as the representative of a class of similarly situated persons, Plaintiff,

v.

GOODMAN FROST, PLLC, Robert J. Goodman, Timothy J. Frost, and Corporate Doe–1, Defendants.

Case No. 16–12857

United States District Court, E.D. Michigan, Southern Division.

Signed November 16, 2016

John Evanchek, Canton, MI, Curtis C. Warner, Warner Law Firm, LLC, Park Ridge, IL, for Plaintiff.

Charity A. Olson, Timothy B. Myers, Olson Law Group, Ann Arbor, MI, for Defendants.

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDER DEEMING DEFENDANTS' RULE 68 OFFER OF JUDGMENT TO BE INEFFECTIVE**

Honorable Gerald E. Rosen, United States District Judge

## I. INTRODUCTION

Plaintiff Charles D. Combe commenced this putative class action in this Court on August 3, 2016, alleging that the Defendant law firm, Goodman Frost, PLLC, and two attorneys at this firm, Robert J. Goodman and Timothy J. Frost, violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.*, by attempting to collect a debt that was discharged in Plaintiff's bankruptcy, and by sending an allegedly deceptive form letter to Plaintiff in aid of this collection effort. In support of his assertion that this case should proceed as a class action, Plaintiff states his "belie[f] that other persons are similarly situated to [him] in that [the Defendant law firm] ha[s] attempted to collect from them a debt that was discharged in bankruptcy." (Complaint at ¶ 38.)

On October 11, 2016, counsel for the parties attended a Rule 16 scheduling conference in this Court's chambers. Immediately after this scheduling conference, Defendants evidently served upon Plaintiff an offer of judgment in accordance with Fed. R. Civ. P. 68(a), and Plaintiff states that this offer reflects a monetary award of "multiples of what Plaintiff could achieve at trial[,] along with his reasonable attorney's fees and costs." (Plaintiff's 10/11/2016 Motion, Br. in Support at 5–6.)[1] Through the present motion filed later that same day, Plaintiff requests that the Court declare Defendants' Rule 68 offer of judgment inoperative and ineffective, in order to avoid a conflict that otherwise would potentially arise between Plaintiff's interests as an individual litigant and his role as the representative of the putative Plaintiff class.

## II. ANALYSIS

■ As a number of courts have recognized, service of a Rule 68 offer of judgment on the named plaintiff in a putative class action poses a dilemma to this party, as it forces him to choose between (i) accepting an offer that, like Defendants' offer here, reflects "payment in full of his own individual claim for relief," and thereby "abandon[ing]" the interests of the putative class, or (ii) rejecting the offer and "continuing to represent the interests of the [putative] class," while running the risk of "incur[ring] the cost-shifting liability imposed by Rule 68." *Johnson v. U.S. Bank National Ass'n*, 276 F.R.D. 330, 334–35 (D. Minn. 2011); *see also Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429, 433–34 (E.D. Pa. 2009); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008). To avoid this predicament, these courts have granted the named plaintiffs' requests to strike the defendants' Rule 68 offers. *See Johnson*, 276 F.R.D. at 335–36; *Smith*, 257 F.R.D. at 434; *Stewart*, 252 F.R.D. at 386–87.

■ Other courts, however, have declined on various grounds to strike or otherwise invalidate a Rule 68 offer of judgment made to a named plaintiff in a putative class action. *See, e.g., Leahy–Fernandez v. Bayview Loan Servicing, LLC*, No. 8:15–cv–2380, 2016 WL 1047159, at *1–*2 (M.D. Fla. March 16, 2016); *Williams v. Amazon.Com, Inc.*, 312

---

1. Under Rule 68(a), an offer of judgment is filed with the Court only upon acceptance of this offer. Because Defendants' offer apparently has not been accepted, it has not yet been made a part of the record in this case.

F.R.D. 497, 499–501 (N.D. Ill. 2015); *Jacobson v. Persolve, LLC*, No. 14–CV–00735, 2014 WL 4090809, at *4–*5 (N.D. Cal. Aug. 19, 2014); *White v. Ally Financial Inc.*, No. 2:12–cv–00384, 2012 WL 2994302, at *3–*4 (S.D. W. Va. July 20, 2012); *Buechler v. Keyco, Inc.*, No. 09–2948, 2010 WL 1664226, at *3 (D. Md. April 22, 2010). Several of these courts have reasoned that nothing in the text of Rule 68 itself, nor in any other Federal Rule, prohibits a defendant from making an offer of judgment in a putative class action, and that "a policy categorically barring Rule 68 offers of judgment in class actions would be best set forth in the Federal Rules of Civil Procedure themselves." *Jacobson*, 2014 WL 4090809, at *5 (internal quotation marks, citation, and footnote omitted); *see also Leahy–Fernandez*, 2016 WL 1047159, at *1; *Williams*, 312 F.R.D. at 499; *White*, 2012 WL 2994302, at *4. As one court has explained, even if a Rule 68 offer of judgment were viewed as potentially undermining the class action mechanism set forth in Rule 23, "[r]ecognizing the existence of a problem does not, without more, give [the court] the authority to craft a solution." *White*, 2012 WL 2994302, at *4.

Upon reviewing this conflicting case law, the Court shares the view of the latter courts that in the absence of language in the Federal Rules providing otherwise, the plain terms of Rule 68 permit an offer of judgment to be served on a named plaintiff in a putative class action. Indeed, as a number of courts have noted, the Advisory Committee expressly considered whether to make Rule 68 inapplicable to class actions, but it elected not to do so. *See Leahy–Fernandez*, 2016 WL 1047159, at *1; *Jacobson*, 2014 WL 4090809, at *5 n.4; *McDowall v. Cogan*, 216 F.R.D. 46, 48 n.2, 49 (E.D.N.Y. 2003). Thus, while a Rule 68 offer of judgment to the named plaintiff in a putative class action might present this party with a "difficult choice" between his individual interests and the interests of the putative class, "this merely reflects the strategic nature of our adversary system and in no way indicates a defect in the Federal Rules of Civil Procedure." *Mey v. Monitronics International, Inc.*, No. 5:11–CV–90, 2012 WL 983766, at *5 (N.D. W. Va. March 22, 2012).

■ Moreover, it bears emphasis that this choice ripens into an actual conflict only if the named plaintiff is able to establish the prerequisites under Rule 23 for certification as a class action. If this showing cannot be made, then the plaintiff need only consider his own interests in determining whether to accept an offer of judgment. Because the outcome of this inquiry typically is not known until the later stages of litigation, a prohibition against offers of judgment in putative class actions would prevent a defendant from using this device early in a case to limit its litigation costs, even though the suit ultimately might prove unamenable to treatment as a class action.[2] In light of these competing consid-

---

2. An early offer of judgment can be a particularly useful tool in a case like the present one, where the statutory damages available to the plaintiff are relatively modest in comparison to the fees and costs the defendant is likely to incur in protracted litigation. While some courts cite these circumstances as increasing the risk that a defendant will "pick off" each potential class representative with a Rule 68 offer of judgment, and thereby "contravene[] ... the class action mechanism" established under Rule 23, *Smith*, 257 F.R.D. at 434, it must also be acknowledged that this "picking off" strategy benefits the plaintiff and the defendant alike in cases where a class is not certified. If a defendant must await a decision on class certification before serving an offer of judgment, much (if not all) of the potential benefit of a Rule 68 offer would be lost by virtue of the litigation expenses incurred to that point in the suit.

erations that turn upon the uncertain fate of a motion for class certification that, in this case, has not even been filed, the Court declines Plaintiff's invitation to effectively rewrite Rule 68 in a manner that assumes the existence of a conflict that arises only if a class is certified, while at the same time preventing the defendant from invoking a cost-limiting measure that unquestionably should be available, and likely would benefit both parties, in the event that a class is *not* certified. The balancing of these competing costs and benefits must be undertaken by the Advisory Committee or the Congress, and not this Court.

Having determined that there is no *per se* bar to Rule 68 offers of judgment in cases styled as class actions, the Court need only consider whether Plaintiff has identified a basis for invalidating the particular offer of judgment made by Defendants in this case. The Court finds that Plaintiff has not made this showing. At the time Plaintiff filed the present motion, Defendants' offer of judgment had just been served, and the 14–day period for accepting this offer had just begun.[3] As Defendants observe, and as some courts have recognized, it would be premature to determine the validity of Defendants' offer at this juncture, where the potential consequences of this offer cannot be known until (i) Plaintiff decides whether to accept the offer, and (ii) assuming the offer is not accepted, Defendants move for an award of costs under Rule 68(d) following the entry of a judgment that does not improve upon Defendants' unaccepted offer. *See, e.g., White,* 2012 WL 2994302, at *3; *Buechler,* 2010 WL 1664226, at *3; *Tillman v. Calvary Portfolio Services, LLC,* No. 08–8142, 2009 WL 510921, at *2 (D. Ariz. Feb. 27, 2009); *Bryant v. Bonded Accounts Services,* No. 00–1072, 2000 WL 33955881, at *4–*5 (D. Minn. Aug. 2, 2000).

■ In light of this uncertainty about matters that have not yet (and may never) come to pass, Plaintiff's motion is aptly characterized as seeking an advisory opinion that the Court is not authorized to give. *See Leahy–Fernandez,* 2016 WL 1047159, at *2; *Buechler,* 2010 WL 1664226, at *3; *Bryant,* 2000 WL 33955881, at *4. In the wake of the Supreme Court's recent decision in *Campbell–Ewald Co. v. Gomez,* —— U.S. ——, 136 S.Ct. 663, 672, 193 L.Ed.2d 571 (2016), it is now settled that Plaintiff's failure to accept Defendants' offer of judgment would not moot this case,[4] but it is less clear under the case law whether Plaintiff would face the payment of costs under Rule 68(d) if a class is certified but Plaintiff's individual award does not exceed the amount of Defendants' offer. *See, e.g., McDowall,* 216 F.R.D. at 50 (suggesting the possibility that "an offer of judgment made to a named plaintiff prior to class certification [might] 'disappear[ ]' once the class is certified").[5] Likewise, given the

---

**3.** Under Rule 68(b), an offer that is not accepted within this 14–day period "is considered withdrawn," and evidence of this offer "is not admissible except in a proceeding to determine costs."

**4.** As Defendants observe, the decision in *Campbell–Ewald* appears to implicitly reject the notion that a defendant is precluded from making a Rule 68 offer of judgment in a putative class action. *Campbell–Ewald* was brought as a class action, and the defendant in that case, like Defendants here, served a Rule 68 offer of judgment prior to the named plaintiff's filing of a motion for class certifica-

tion. *See Campbell–Ewald,* 136 S.Ct. at 667. The Court said nothing to indicate that such an offer might be improper, but instead proceeded to consider whether the plaintiff's failure to accept this offer operated to deprive the federal courts of subject matter jurisdiction over the case. 136 S.Ct. at 669.

**5.** Indeed, given that Plaintiff invites the Court to effectively rewrite Rule 68 to prohibit offers of judgment in putative class actions, it is not clear why the Court could not equally well construe the seemingly mandatory cost-shifting language of Rule 68(d) as inapplicable in the event that Plaintiff declines Defendants'

Sixth Circuit's recent decision in *Wilson v. Gordon*, 822 F.3d 934, 942, 951 & n.5 (6th Cir. 2016), it is open to question whether Plaintiff could accept Defendants' offer of judgment without necessarily mooting the underlying class action. It would be inappropriate for the Court to express a view on these issues before they have actually been presented in these proceedings.

## III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's October 11, 2016 motion for order to hold Defendants' Rule 68 offer of judgment to be ineffective (docket # 11) is DENIED.

offer of judgment but then succeeds in certify- ing a class.