NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYNDA TYLER,

        Plaintiff - Appellee,

    v.

TAILORED SHARED SERVICES, LLC,

        Defendant - Appellant.

No. 24-7669

D.C. No.
2:24-cv-01374-KJM-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted October 7, 2025
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT, District Judge.[**]
Dissent by Judge Bennett.

    Tailored Shared Services, LLC ("Tailored") appeals the district court's

denial of its Motion to Compel Arbitration. We have jurisdiction under 9 U.S.C.

§ 16(a)(1)(B). Because the Delegation Clause of the Arbitration Agreement is not

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

substantively unconscionable, we reverse.

Linda Tyler contends that the Delegation Clause of the Arbitration Agreement between her and Tailored is unenforceable because it is unconscionable under California law. She contends the provisions requiring confidentiality ("Confidentiality Provision"), restricting discovery ("Discovery Provision"), permitting pre-arbitration offer of judgment ("Offer of Judgment Provision"), and limiting consolidation of claims ("Consolidation Provision") render the Delegation Clause substantively unconscionable.

1. The party resisting arbitration must prove both procedural and substantive unconscionability. *Malone v. Superior Court*, 226 Cal. App. 4th 1551, 1561 (2014). Under California law's "sliding scale" of unconscionability, the greater a showing of substantive unconscionability, the less procedural unconscionability is needed to render an agreement unenforceable, and vice versa. *Id.* The district court correctly found that the Delegation Clause is moderately procedurally unconscionable but erred in concluding that the Delegation Clause is substantively unconscionable.

The Supreme Court has held that for challenges to delegation provisions in arbitration agreements, any substantive unconscionability challenge must be specific to the delegation provision. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72–73 (2010). The party resisting arbitration must argue that the

challenged provisions "*as applied* to the delegation provision render[] *that provision* unconscionable." *Id.* at 74 (emphasis in original). We address each of the challenged provisions below.

2. The Confidentiality Provision states that there "shall be no disclosure of evidence, the award, or the arbitrator's decision beyond the arbitration proceeding except as otherwise expressly permitted by law for the arbitration of a sexual harassment or sexual assault claim."

Because the critical inquiry is whether the Confidentiality Provision renders the Delegation Clause substantively unconscionable, *see id.*, Tyler must "demonstrate that the confidentiality clause *as applied to the delegation clause* renders *that* clause unconscionable by impeding her ability to arbitrate whether the arbitration agreement as a whole is unconscionable," *Tiri v. Lucky Chances, Inc.*, 226 Cal. App. 4th 231, 248 (2014) (citing *Rent-A-Center*, 561 U.S. at 73) (emphasis in original). Here, Tyler's arguments of impeded development of her claims and the overbreadth of the confidentiality provision, have no "bearing on whether *the delegation of arbitrability to the arbitrator* would be unconscionable." *See Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1003 (9th Cir. 2023) (emphasis in original).

Even assuming the Confidentiality Provision applies to the question of arbitrability, California precedent suggests that a confidentiality provision is

substantively unconscionable only where it inhibits discovery as to unwaivable statutory employment rights, which is distinct from discovery as to the threshold issue of enforceability. *See, e.g.*, *Hasty v. Am. Auto. Ass'n*, 98 Cal. App. 5th 1041, 1061–62 (2023) (surveying cases); *Epstein v. Vision Serv. Plan*, 56 Cal. App. 5th 223, 245–46 (2020) (holding a confidentiality provision in another context where "no unwaivable statutory employment rights are implicated" was not substantively unconscionable). For those reasons, the Confidentiality Provision does not render the Delegation Clause substantively unconscionable.

3. Although "[d]iscovery is often necessary to decide threshold issues such as the validity of the delegation clause," *Heckman v. Live Nation Entertainment Inc.*, 120 F.4th 670, 685 (9th Cir. 2024), the limits set by the Discovery Provision similarly do not render the Delegation Clause unconscionable, *see Rent-A-Center*, 561 U.S. at 74. Even assuming the discovery limitations could disadvantage Tyler in the arbitration of her underlying claims due to Tailored's "repeat player" advantage, the same analysis does not necessarily apply to Tyler's threshold enforceability claim. Indeed, the Supreme Court has noted that it is a "much more difficult argument" that a discovery provision makes a delegation clause unconscionable. *Rent-A-Center*, 561 U.S. at 74.

Tyler's claims—that the Delegation Clause is unconscionable, the Arbitration Agreement is unconscionable, and she did not agree to the

Agreement—depend mostly on the Arbitration Agreement. To the extent these claims require further discovery, the Discovery Provision is not so limited as to give "no right to discovery" like in *Heckman*. *See* 120 F.4th at 679, 685. Tyler has the right to take depositions of three fact witnesses, take depositions of any expert witnesses designated by each party, make requests for production of documents to any party, and subpoena documents from third-parties. The parties could modify the scope of discovery by mutual agreement, and the arbitrator has the authority to order additional discovery beyond these limits upon "good cause shown by a party." *See Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 507 (2024) (indicating the arbitrator's ability to order additional discovery "eliminates any unconscionability").

Ultimately these limits, including no written interrogatories, on discovery over the issue of arbitrability are not so "overly harsh" and "one-sided" as to rise to the level of substantive unconscionability. *See Tiri*, 226 Cal. App. 4th at 246–47; *see also Malone*, 226 Cal. App. 4th at 1571 (holding the delegation clause was not unconscionable because although the clause "may have been outside the reasonable expectations of the party signing a contract of adhesion," it was "not overly harsh or so one sided as to shock the conscience").

4. Next, the Offer of Judgment Provision authorizes the respondent in arbitration to make an offer consistent with Federal Rule of Civil Procedure 68 and

imposes an associated 30-day stay of arbitration pending the claimant's response to that offer. It is unclear whether such an offer could be made at the enforceability stage. If an offer of judgment can only be made after an arbitrator decides that the Arbitration Agreement is enforceable, then the Offer of Judgment Provision has no "bearing on whether *the delegation of arbitrability to the arbitrator* would be unconscionable." *See Holley-Gallegly*, 74 F.4th at 1003 (emphasis in original).

To the extent an offer of judgment can be made at this stage, the provision is facially mutual and does not unconscionably shift monetary costs. Although fee-shifting provisions can contribute to a substantive unconscionability finding, the shifting of costs here to the claimant if an arbitrator's award is not more favorable than the unaccepted offer is consistent with Federal Rule of Civil Procedure 68 and therefore does not create a "greater financial risk in arbitrating claims than [the parties] would face if they were to litigate those same claims in federal court." *See Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1002 (9th Cir. 2021). While Tyler may have to decide whether to accept the offer before obtaining discovery, that may also happen in federal court if an offer of judgment is made at the outset of litigation. *See* Fed. R. Civ. Proc. 68.

5. Finally, under the Consolidation Provision, Tailored could prevent employees from consolidating by withholding its consent. It is unclear whether this provision applies at the enforceability stage (i.e., whether Tailored can prevent

consolidation of multiple claims that the Arbitration Agreement is not enforceable). If consolidation can only be made after an arbitrator decides that the Arbitration Agreement is enforceable, then the Consolidation Provision has no "bearing on whether *the delegation of arbitrability to the arbitrator* would be unconscionable." *See Holley-Gallegly*, 74 F.4th at 1003 (emphasis in original).

If the Consolidation Provision applies at this stage, however, this provision still does not render the Delegation Clause unenforceable. California courts have not addressed whether preventing consolidation produces substantive unconscionability in the arbitration of an agreement's arbitrability, but the California Court of Appeals' decision in *Pinela v. Neiman Marcus Group, Inc.* is helpful in guiding our analysis. 238 Cal. App. 4th 227 (2015). In *Pinela*, the court held that the delegation clause "may be found substantively unconscionable where it imposes an unfair burden that is different from the inherent features and consequences of delegation clauses." *Id.* at 246. There the choice of law clause combined with the delegation clause to impose an unfair burden different from the inherent features of delegation clauses because "an arbitrator acting pursuant to the delegation clause could not (1) apply California law to determine whether the Agreement is unconscionable, or even (2) limit the application of the choice of law provision to the extent necessary to prevent substantial injustice, as California law would require." *Id.* at 248.

That is not the case here. At most, an arbitrator cannot consolidate Tyler's threshold arbitrability claim with other related claims without Tailored's consent. The lack of consolidation at this stage does not limit Tyler's claim that the Arbitration Agreement is unenforceable in a way that is "overly harsh" and "sanction[s] one-sided results." *See Tiri*, 226 Cal. App. 4th at 246–47; *see also Malone*, 226 Cal. App. 4th at 1571. Indeed, Tyler's arbitrability claim would likely not be consolidated in either forum because a federal court would typically rule on a motion to compel arbitration before a motion for class certification.

To the extent that the Consolidation Provision is one-sided because only Tailored can prevent the consolidation of claims, the California Supreme Court has held that "a one-sided contract is not necessarily unconscionable." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1030–31 (9th Cir. 2016) (collecting cases). "[S]omething more than the absence of mutuality is required for us to find the provision unconscionable." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1015 (9th Cir. 2023). Here, there is no showing other than an absence of mutuality to support the contention that the Consolidation Provision renders the Delegation Clause substantively unconscionable.

6. Because none of the challenged provisions render the Delegation Clause substantively unconscionable, we reverse and remand with instructions to the district court to grant Tailored's Motion to Compel Arbitration.

**REVERSED AND REMANDED.**

*Tyler v. Tailored Shared Services, LLC*, No. 24-7669

BENNETT, Senior District Judge, dissenting:

This case rests on a matter of degrees. Under California's "sliding scale" of unconscionability, moderate procedural unconscionability requires the challenging party to show some substantive unconscionability to prove a provision unenforceable. *See Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1094 (9th Cir. 2024) (citing *OTO, LLC v. Kho*, 447 P.3d 680, 690 (Cal. 2019)). Both parties acknowledge that the Arbitration Agreement was a contract of adhesion, and, like my colleagues, I agree that that the district court properly held the Agreement moderately procedurally unconscionable. I believe, however, that Tyler has shown a sufficient degree of substantive unconscionability in the Offer of Judgment and Consolidation Provisions to render the Delegation Clause unconscionable under California law.

The Offer of Judgment and Consolidation Provisions work in combination to produce substantive unconscionability, and we should evaluate them collectively. *See, e.g.*, *Pinela v. Neiman Marcus Grp., Inc.*, 238 Cal. App. 4th 227, 248–50 (2015) (deeming agreement unconscionable due to combined effect of choice of law and delegation clauses). First, the Offer of Judgment Provision undisputedly and unconscionably forces Tyler to evaluate any offer before discovery. The provision's apparent consistency with Federal Rule of Civil Procedure 68 is a red herring.

1

Defendants rarely make Rule 68 offers at the outset of litigation—if they make such offers at all. *See, e.g.*, Harold S. Lewis, Jr. & Thomas A. Eaton, *Rule 68 Offers of Judgment: The Practices and Opinions of Experienced Civil Rights and Employment Discrimination Attorneys*, 241 F.R.D. 332, 332 n.2 (2007) (noting consensus that Rule 68 is ineffective). Indeed, in putative class actions such as this, courts have repeatedly stricken or deemed ineffective pre-certification Rule 68 offers, affording plaintiffs limited discovery prior to such offers. *See, e.g.*, *Hoffman v. HireRight, LLC*, 344 F.R.D. 24, 27–28 (S.D. Ohio 2023); *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 336 (D. Minn. 2011). *C.f. Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 920–21 (5th Cir. 2008) (discussing procedural difficulties of pre-certification Rule 68 offer); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 708–709 (11th Cir. 2014). Tyler enjoys no such protections, however, because offers occur *before* arbitration and subject to a 30-day stay that deprives her of already limited discovery before she must respond.

Second, the Consolidation Provision is unfairly one-sided because it authorizes Tailored to prevent consolidation of claims in arbitration. Although "something more than the absence of mutuality is required for us to find the provision unconscionable," *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1015 (9th Cir. 2023), Tyler has shown both nonmutual consolidation and an unfairly one-sided Offer of Judgment Provision. I agree with the district court's determination of

2

unconscionability, and I would affirm the denial of Tailored's motion to compel arbitration. Accordingly, I respectfully dissent.